(7 Misc. Rep. 396.)

### RUSER v. UNION DISTILLING CO.

(Common Pleas of New York City and County, General Term. March 5, 1894.)

ATTACHMENT—FAILURE TO SERVE SUMMONS ON DEFENDANT.

Where summons is not served on defendant in the action within the time required by Code Civ. Proc. § 638, the court loses jurisdiction, and the attachment is rendered unauthorized and void from the beginning, and the warrant will not justify acts done under it. 24 N. Y. Supp. 101, affirmed.

Appeal from city court, general term.

Action by Ludwig Ruser against the Union Distilling Company to recover damages for the seizure of the stock in trade, fixtures, etc., of the store of plaintiff's assignor, Henry Ruser, under a warrant of attachment issued against him, which was subsequently vacated, for failure to serve or publish the summons in the action within 30 days after the granting of the attachment, as provided by Code, § 638. From a judgment of the city court (24 N. Y. Supp. 101) af-firming a judgment in favor of plaintiff, entered on a verdict for $1,635 damages, besides costs, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Samuel E. Duffey, for appellant.

James A. McCreery, for respondent.

DALY, C. J. It being conceded that the attachment was prop-erly vacated, because of the failure of the attaching creditors to make personal service of the summons in their action, or to com-mence publication thereof within 30 days after the granting of the

warrant, the question raised in the city court and upon this appeal is whether the plaintiffs in the attachment suit were trespassers in procuring the warrant and the seizure under it. This depends upon whether the omission to acquire jurisdiction of the defendant, by service or publication of the summons, rendered the attachment unauthorized and void from the beginning. The law protects the officer who executes a warrant of attachment which is regular when issued, and provides that, if it be subsequently vacated or annulled, his duty is to deliver, upon demand, to the defendant or the person entitled thereto, upon payment of his legal costs, charges, and expenses, all the attached property remaining in his hands, or the proceeds, if it has been sold by him. Code, § 709. But no such protection is extended to the party suing out the attachment if it fails through his omission or neglect. He procures the attachment to be issued upon condition that he will sustain the jurisdiction he invokes by compliance with the provisions of law in that regard; and if he suffers his process to become invalid, by his neglect of the statutory duty imposed upon him, he is as much a trespasser as if he had procured a void process in the first instance. That this is so upon principle cannot be questioned, and the liability is established by legislative enactment, as well as by judicial authority. The Code (section 416) declares that from the time of the granting of a provisional remedy the court acquires jurisdiction, but that, nevertheless, the jurisdiction thus acquired is conditional, and liable to be divested in a case where the jurisdiction of the court is made dependent, by a special provision of law, upon some act to be done after the granting of the provisional remedy. Such special provision of law is found in section 638, already referred to, where it is made imperative that personal service of the summons in or out of the state must be made, or publication thereof must be commenced within 30 days after the warrant of attachment is granted. Where this is omitted, the conditional jurisdiction is divested; that is to say, the court is stripped of the power that enabled it to issue the warrant, and the process remains as wholly unauthorized by law.

In Fischer v. Langbein, 103 N. Y. 90, 8 N. E. 251, it is said that:

"Void process is such as the court has no power to award, or has not acquired jurisdiction to issue in the particular case, or which does not in some material respect comply in form with the legal requisites of such process, or which loses its validity in consequence of noncompliance with a condition subsequent, obedience to which is rendered essential. * * * In all cases where a court has acquired jurisdiction in an action or proceeding, its order made or judgment rendered therein is valid and enforceable, and affords protection to all persons acting under it, although it may be afterwards set aside or reversed as erroneous."

The distinction is here pointed out between process which is void for want of jurisdiction and process set aside for error committed by the court upon the hearing, but not for any jurisdictional defect. Such was the character of the process in Day v. Bach, 87 N. Y. 56, relied upon by the defendant. The attachment in that case was set aside by the general term, on the ground that the

affidavits on which the motion to vacate was made answered the charges in the affidavits on which the attachment was issued. There was, therefore, a reversal for error, and the setting aside of the attachment on that ground did not deprive the defendants in the case of their justification under it.

In the case of Blossom v. Estes, 84 N. Y. 617, the attachment failed for neglect to serve or publish the summons, and the court says:

"The jurisdiction which attached upon allowance of the warrant ceased as to that proceeding, which was as if the statute had been repealed. * * * When challenged by this motion to uphold the attachment, it was part of the plaintiff's case to show the issuing of a summons, and that thirty days, therefore, had not elapsed, or that within thirty days one of the conditions had been performed. Failing in that, they were no better off than if the statute had not been passed."

Thus, in the strongest language, the court shows the effect of the failure to comply with the conditions upon which jurisdiction depended. The attachment in such a case is to be regarded as issued utterly without the sanction of law. The enforcement of such process would unquestionably be a trespass.

In Waffle v. Goble, 53 Barb. 517, the supreme court says, in a case where the summons was served without the state under a proper order, but more than 30 days after the attachment was granted:

"Up to that time no action had been commenced, and none was depending, and the warrant of attachment had nothing to support it, but was wholly void, and should have been set aside."

These cases support in the most emphatic manner the doctrine contended for by the plaintiff in this action,—that, by reason of the neglect of the attaching creditors to secure the jurisdiction necessary to uphold their warrant, the latter was void. The liability of defendant as a trespasser for acts done under a void warrant cannot be questioned; and the court properly ruled that it was liable for the levy and seizure of the goods of the plaintiff's assignor, that their warrant of attachment was no justification, and so the original taking of plaintiff's property was unlawful.

The defendant sets up as a defense to this action the issuing and levy of a subsequent attachment in another action brought by it against the plaintiff's assignor and a subsequent sale of the attached property. Proof under this defense was properly excluded. The subsequent process was no protection to the defendant. It was not a defense to the whole or any part of the cause of action set up in the complaint. It was not available in mitigation of damages, like a subsequent seizure under bona fide process in favor of a third party. "Where the party who wrongfully takes the property of another procures it to be afterwards seized and sold under process in his own favor, it affords him no protection in any form." Wehle v. Butler, 61 N. Y. 245.

A third defense was interposed that the plaintiff, an attorney at law, took the assignment of this cause of action for the purpose of bringing an action thereon, and that such transfer is within the provisions of section 73 of the Code, and void. This defense was

fully disposed of by the jury, upon the testimony in the case, showing that the assignment was not taken with the intent and for the purpose of bringing an action thereon, but to secure an indebtedness of the assignor to him. No errors appear in the record, and the judgment must be affirmed. All concur.