## UNITED STATES *v.* MOSER.

### APPEAL FROM THE COURT OF CLAIMS.

No. 99. Argued October 21, 1924.—Decided November 17, 1924.

1. While the doctrine of *res judicata* does not apply to unmixed questions of law, a fact or right distinctly adjudged cannot be disputed in a subsequent action between the same parties, even upon another demand and though the original determination was reached upon an erroneous view or application of the law. P. 241.
2. A determination of the status of an individual upon which his right to recover depends is as conclusive as a decision upon any other matter. P. 242.
3. Where a retired naval officer had obtained judgments in the Court of Claims for installments of increased pay under an Act of March 3, 1899, providing "that any officer of the Navy . . . who served during the civil war, shall, when retired, be retired with the rank and three-fourths the sea pay of the next higher grade," and sued there again for another installment, *held*, that the Government was estopped from maintaining that his service during the civil war as a cadet in the Naval Academy was not service within the meaning of the statute, that question having been determined against it in the previous litigation. *Id.*

58 Ct. Clms. 164, affirmed.

APPEAL from a judgment of the Court of Claims upholding the claim of a naval officer for pay.

*Mr. Solicitor General Beck, Mr. Merrill E. Otis,* Special Assistant to the Attorney General, and *Mr. John G. Ewing,* for the United States, submitted.

The application of the principle of *res judicata* is erroneous. *Board of Commissioners* v. *Sutliff,* 97 Fed. 270. While parties and subject matter in this case are identical with those in the three former cases, the causes of action are not identical, but distinct. *Dennison* v. *United States,* 168 U. S. 241; *Cromwell* v. *County of Sac,* 94 U. S. 351.

The court below practically assumed the position that there was a legal presumption that every issue in law had been tried in the first Moser Case and, therefore, that the Act of June 29, 1906, had been considered. Yet, at the same time, the court twice declared that the statute never was considered by it. The contradiction is evident. See Bigelow on Estoppel, p. 112.

In a suit between the same parties upon another, though similar, cause of action, the parties are not precluded from contesting the constitutionality or existence and force of a statute which was not brought to the attention of the court in the former suit. *Boyd* v. *Alabama,* 94 U. S. 645; *South Ottawa* v. *Perkins,* 94 U. S. 260; *Philadelphia* v. *Railway Co.,* 142 Pa. St. 484; *Dobbins* v. *First Natl. Bank,* 112 Ill. 554; *Wentworth* v. *Racine County,* 99 Wis. 26; *Nesbit* v. *Riverside District,* 144 U. S. 610; *Bernard* v. *Hoboken,* 27 N. J. L. 412.

The court below erred in holding that service as a cadet during the Civil War, prior to April 9, 1865, entitled Moser to be retired with the rank and pay of a rear admiral, for the reason that Moser "had received at the date of his retirement an advance of grade," and therefore the provisions of the Act of June 29, 1906, did not then and do not now apply to him.

*Mr. George A. King,* with whom *Mr. William B. King* and *Mr. George R. Shields* were on the brief, for appellee.

The adjudication that Moser was entitled to the pay of a rear admiral from September 29, 1904, until December 31, 1906, was conclusive in favor of his right to that rate of pay not only during that period but for the rest of his life. Act of August 4, 1882, 22 Stat. 286; *United States* v. *O'Grady,* 22 Wall. 641; *Bissell* v. *Spring Valley Township,* 124 U. S. 225; *Southern Pac. R. R. Co.* v. *United States,* 168 U. S. 1; *Hubbell* v. *United States,* 171 U. S. 203; *Gunter* v. *Atlantic Coast Line R. R. Co.,* 200 U. S. 273.

But it is said that the court in its original judgment sustaining the claim for salary for the period September 29, 1904, to December 31, 1906, was ignorant of the existence of the Act of June 29, 1906. "A judgment is a solemn record. Parties have a right to rely upon it. It should not lightly be disturbed and never ought to be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision." *Fayerweather* v. *Ritch,* 195 U. S. 276.

Whatever may be true as to the state of mind of the judges as to knowledge or ignorance of the Act of 1906 when their original judgment was rendered, no such ignorance can be imputed to them when rendering the judgment in the second case, for the Act of 1906 is referred to in that decision. A second decision and abandonment by the Government of its appeal therefrom is conclusive against any argument based upon supposed ignorance of statute law on the part of the judges in deciding the first *Moser Case.* The same is true of the third case from which there was no appeal.

If, however, this Court concludes to go behind the repeated judgments of the Court of Claims, the judgment is correct on the merits.

As Moser's retirement took place on the fortieth anniversary of his entrance into the Naval Academy, the forty years necessary for retirement, (Rev. Stats. § 1443,) had to include the Academy service. It is in accordance with the statute in existence at the time of Moser's entrance into the Academy and with the construction which this Court has placed upon that very statute. See Act of July 16, 1862, §§ 1, 11, 15, c. 183, 12 Stat. 583; *United States* v. *Baker,* 125 U. S. 646; *United States* v. *Cook,* 128 U. S. 254.

Moser was included within the description "who served during the civil war." Act March 3, 1899, § 11, 30 Stat. 1007. The provision of § 11 of that act was self-executing and required no action by any board or officer to give Moser a higher rank on the retired list. *Wood* v. *United States,* 107 U. S. 414. See *Fitzpatrick* v. *Greene,* 181 N. Y. 308.

Moser's right to the higher rank on his retirement September 29, 1904, was not taken away by the Act of 1906.

A statute should never be construed as retroactive when its terms can be satisfied by giving it a prospective construction. *Twenty Per Cent. Cases,* 20 Wall. 179; *Fisk* v. *Jefferson Police Jury,* 116 U. S. 131; *White* v. *United States,* 191 U. S. 545.

The Act of March 3, 1909, 35 Stat. 753, sets at rest all question as to the intent of Congress.

Mr. Justice Sutherland delivered the opinion of the Court.

This is a suit against the United States to recover the amount of the difference between the pay of a Captain and a Rear Admiral in the Navy, based upon § 11 of the Navy Personnel Act of March 3, 1899, c. 413, 30 Stat. 1004, 1007, as follows: " That any officer of the Navy, with a creditable record, who served during the civil war,

shall, when retired, be retired with the rank and three-fourths the sea pay of the next higher grade."

Claimant, having served forty years from the date of his entrance into the Naval Academy, was retired under § 1443 Rev. Stats., which reads: "When any officer of the Navy has been forty years in the service of the United States he may be retired from active service by the President upon his own application."

The right of the officer turns upon the question whether his service at the Naval Academy constitutes " service during the civil war," within the meaning of the provision first above quoted. Three previous suits for installments of salary—the right of recovery in each depending upon this same basic question—were decided by the Court of Claims in his favor. In each, the contention of the Government was the same as it is here, viz: that service as a cadet during the civil war was not service within the meaning of the statute. Between the first and second of these suits, in another suit brought by a different claimant, the court construed the statute otherwise and denied that claimant a right of recovery, *Jasper v. United States,* 43 Ct. Clms. 368; the change of opinion being made to rest upon a later act, then for the first time called to the court's attention, which, in terms, excluded the period of service as a cadet, but with a proviso that it should not apply to an officer who had received an advance of grade at or since the date of his retirement. C. 3590, 34 Stat. 553, 554.

In the second and third *Moser Cases,* however, the Court of Claims declined to follow the *Jasper Case,* holding that, by reason of its decision in the first *Moser Case,* the question was. *res judicata.* The present suit was decided in Moser's favor upon the same ground; and, in addition, the court reverted to the position taken in the first *Moser Case,* abandoning, as unsound, its view as ex-

pressed in the *Jasper Case,* upon the ground that the right of the officer was saved by the proviso.

We find it unnecessary to consider the latter ruling, since we are of opinion that the court was clearly right in its application of the doctrine of *res judicata.*

The general principles are well settled, and need not be discussed. The scope of their application depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. In the former case a judgment upon the merits constitutes an absolute bar to the subsequent action. In the latter case the inquiry is whether the point or question presented for determination in the subsequent action is the same as that litigated and determined in the original action. *Cromwell* v. *County of Sac,* 94 U. S. 351, 352–353. The rule is succinctly stated in *Southern Pacific R. R. Co.* v. *United States,* 168 U. S. 1, 48:

" The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

And in *New Orleans* v. *Citizens' Bank,* 167 U. S. 371, 396, this Court, speaking through Mr. Justice White, said:

" The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a

judgment between the parties or their privies." And see *Myers* v. *International Trust Co.,* 263 U. S. 64.

The suits here are upon different demands; and the point at issue is to be determined by applying the second branch of the rule. The question expressly and definitely presented in this suit is the same as that definitely and actually litigated and adjudged in favor of the claimant in the three preceding suits, viz: whether he occupied the status of an officer who had served during the civil war.

The contention of the Government seems to be that the doctrine of *res judicata* does not apply to questions of law; and, in a sense, that is true. It does not apply to unmixed questions of law. Where, for example, a court in deciding a case has enunciated a rule of law, the parties in a subsequent action upon a different demand are not estopped from insisting that the law is otherwise, merely because the parties are the same in both cases. But a *fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law. That would be to affirm the principle in respect of the thing adjudged but, at the same time, deny it all efficacy by sustaining a challenge to the grounds upon which the judgment was based. See *Gunter* v. *Atlantic Coast Line R. R. Co.,* 200 U. S. 273, 291; *United States* v. *California & Oregon Land Co.,* 192 U. S. 355, 358; *Scotland County* v. *Hill,* 112 U. S. 183, 187; *Southern Minnesota Ry. Ext. Co.* v. *St. Paul & S. C. R. Co.,* 55 Fed. 690, 695–696; *Pittsford* v. *Chittenden,* 58 Vt. 49, 57; Bigelow on Estoppel, 6th ed., p. 112. A determination in respect of the status of an individual upon which his right to recover depends is as conclusive as a decision upon any other matter. *Clemens* v. *Clemens,* 37 N. Y. 59, 72; *Pittsford* v. *Chittenden, supra.*

*Affirmed.*