Booth, Judge,
delivered the opinion of the court:
This case is the sequel of a former case between the same parties, involving the same subject matter, adjudicated at the last term of this court.-
The petition herein filed July 29, 1926, alleges in six separate paragraphs a right to recover $37,289.59. The gravamen of the complaint is an allegation that certain contracts to purchase surplus war material were rescinded, upon which the plaintiff had previously made advance payments, earnest money, and that under, a contract to store and safely care for all this material the amount claimed is lawfully due.
The defendant interposes a plea of former adjudication. To this plea the plaintiff demurs, thereby raising the issue to be determined. The facts disclose a situation which sustains the plea of the defendant and a judgment overruling the plaintiff’s demurrer.
On September 10,1921, the plaintiff in case No. 261-A filed in this court a petition seeking the recovery of a judgment for. the total sum of $92,232.09. The cause of action was predicated upon certain alleged informal contracts with the Ordnance Department of the Army and right to sue therefor under the Dent Act. On July 3, 1922, the defendant filed a counterclaim setting up the identical contracts upon which the plaintiff in this suit relies, and asserting a balance due the United States thereon of $25,940.27. To this counterclaim, on October 30, 1922, the plaintiff made answer, by way of replication, denying purchase of the material mentioned in the contract, and praying affirmative relief to the extent of $10,900.86, advance payments of purchase price for the contracted material, and $24,079.41 for the storage of and care bestowed upon the materials at his plant in *574 Chicago, Ill. Subsequently, on February 19, 1924, the defendant amended its counterclaim by increasing the amount claimed thereunder, to $26,647.85.
With the issues thus joined, testimony in quite a large volume was taken, and the case came on for trial. On April 13, 1925, the court announced its findings of fact and conclusions of law dismissing both the petition and counterclaim, accompanying its conclusions with a written opinion,. 60 C. Cls. 519. The findings in case No. 261-A fully covered the claim now sued upon, and it was considered by the court, in reaching a conclusion. The defendant’s counterclaim was dismissed by the judgment of the court in No. 261-A. The present cause of action is predicated wholly upon this fact, and if the court erred in failing to render judgment in favor of the plaintiff, this omission, should have been called to our attention by a motion for a new trial during the term or within the sixty days allowed by the court’s rules for such motions. No motion for a new trial was made and the term of court was allowed to lapse without any further proceedings. See United States v. Mayer, 235 U. S. 55, 67 ; United States v. O'Grady, 22 Wallace 641; United States v.. Moser, 266 U. S. 236.
The plaintiff’s demurrer to defendant’s plea of former adjudication will be overruled. Defendant’s plea will be sustained and the petition dismissed. It is so ordered.
Moss, Judge; Graham, Judge; Hat, Judge; and Campbell, Chief Justice, concur.