## ART METAL CONST. CO. v. UNITED STATES.
### No. 42567.

Court of Claims.
March 2, 1936.

---

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this suit to recover $41,146.12 with interest, being the amount of admitted overpayment of its taxes for the year 1918. It is conceded by defendant that plaintiff would be entitled to recover this sum with interest if this were the first time suit had been brought on this cause of action. It appears that in 1928 the plaintiff brought a suit to recover the amount of this same overpayment with interest in the District Court of the United States for the Western District of New York and in that court obtained a judgment for $41,146.12 with interest. From this judgment the defendant took an appeal to the Circuit Court of Appeals for the Second Circuit, where this judgment was reversed and the cause of action remanded, with instructions to dismiss the petition. After an ineffectual attempt on the part of the plaintiff to obtain a certiorari from the Supreme Court, the case was dismissed. By reason of these proceedings, the defendant now contends that the plaintiff's claim is res adjudicata.

The argument made on behalf of plaintiff is that the judgment upon which defendant relies was not rendered upon the merits of the plaintiff's case, that plaintiff's case was dismissed for want of jurisdiction, and that therefore the judgment rendered is no bar to the suit now pending in this court. This contention is based on the fact that the opinion of the Circuit Court of Appeals, of which this court will take judicial notice, shows that the prior suit was dismissed upon the ground that no sufficient and timely claim for refund had ever been filed by the plaintiff. Several cases are cited which seem to hold that, where no proper claim for refund was filed, the court has no jurisdiction. If as a matter of law the court had no jurisdiction to hear and determine the case, there was no trial on the merits, and the judgment rendered in the former suit would not be a bar to the present action. This makes it necessary to determine whether the decree of the court rendered in the former suit was based on lack of jurisdiction.

The precise question which is now before us was not involved in any of the cases which are cited by counsel for plaintiff, and we cannot therefore regard the

John Lord O'Brian, of Buffalo, N. Y. (Ralph Ulsh, John F. Rich, and Slee O'Brian, Hellings & Ulsh, all of Buffalo, N. Y., on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

758

language used in these decisions as controlling. In all of these cases and in the suit formerly begun the court had jurisdiction to enter upon the trial of the case and hear the evidence offered. If the evidence failed to show some fact which under the statute must be established in order for plaintiff to maintain its action, this, in our view, was simply a failure of proof of one of the essential features of plaintiff's case. In Ordway v. Boston, etc., R. Co., 69 N.H. 429, 430, 45 A. 243, 244, citing Black on Judgments, it was said: "A judgment is 'upon the merits' when it amounts to a declaration of the law as to the respective rights and duties of the parties, based upon the ultimate fact or state of facts disclosed by the pleadings and evidence, and upon which the right of recovery depends."

Plaintiff's cause of action depended in part upon whether a proper and timely claim was filed. We think the court clearly had jurisdiction to determine this matter and that it was an inherent part of plaintiff's case.

No reference is made in the opinion of either the District Court or the Circuit Court of Appeals to a want of jurisdiction, and the fact that the case was decided on a point of law does not make the judgment one which was not rendered upon the merits. In United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 67, 69 L.Ed. 262, the Supreme Court said: "A determination in respect of the status of an individual upon which his right to recover depends is as conclusive as a decision upon any other matter. Clemens v. Clemens, 37 N.Y. 59, 72; Pittsford v. Chittenden, supra [58 Vt. 49, 3 A. 323]."

The District Court in its opinion stated that the issues in the case were: "First, whether the statute of limitation bars recovery; and, second, whether the original claim for refund filed by plaintiff was defective and insufficient in failing to ask the benefit of special assessment; and, third, whether the claim was subject to amendment before rejection."

It will be observed that these are the same issues that are presented by plaintiff's petition to this court. They are all questions of either law or fact, or mixed questions of law and fact. The District Court, and the Circuit Court of Appeals in reviewing its decision, had jurisdiction to determine all of these issues, and they were determined so far as was necessary for a decision of the case and an entry of judgment therein. The final decision of the former suit was not in accordance with the law as stated by this court and affirmed by the Supreme Court, but the judgment rendered therein was nevertheless an adjudication of plaintiff's rights. We think that everything appears which is requisite to make the former judgment final.

The case presents an unfortunate situation, but we think it clear that the judgment rendered in the prior suit is a bar to the action now pending in this court and that plaintiff's petition must be dismissed. It is so ordered.