ELEANOR V. V. BREWSTER, Appellant, *v.* KABLE NEWS COMPANY, Respondent.

Argued October 7, 1942; decided December 3, 1942.

*Carl E. Peterson* for appellant. There was no cessation in the use of the titles " Motion Picture " and " Movie Classic." Hence, the condition subsequent relieving respondent of liability for the weekly payments has not occurred. (*Manson* v. *Curtis*, 223 N. Y. 313; *Cohen* v. *Bass, Inc.*, 246 N. Y. 270: *Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284; *Wilson & English Constr. Co.* v. *N. Y. C. R. R. Co.*, 240 App. Div. 479; *Gillet* v. *Bank of America*, 160 N. Y. 549; *O'Neil Supply Co.* v. *Petroleum Heat & Power Co.*, 280 N. Y. 50.) Even if the publication of the magazines was discontinued, within the meaning of the contract, publication thereof was immediately resumed and continued by respondent's successors or assigns. (*Howell* v. *Leavitt*, 90 N. Y. 238; *Purdy* v. *Bennett*, 68 Hun, 227; *Watson* v. *Donnelly*, 28 Barb. 653; *American Surety Co.* v. *Campbell & Zell Co.*, 138 Fed. Rep. 531; *Dille* v. *Plainview Coal Co.*, 217 Iowa, 827; *International & G. N. Ry. Co.* v. *Smith County*, 65 Tex. 21; *Grand Canyon R. Co.* v. *Treat*, 12 Ariz. 69; *Glenn* v. *Caldwell*, 74 Miss. 49.) The respondent's moving papers on its motion for summary judgment wholly fail to establish a defense entitling it to a dismissal of the complaint. (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Lonsky* v. *Bank of United States*, 220 App. Div. 194; *Cohen* v. *Metropolitan Casualty Ins. Co.*, 233 App. Div. 340; *Brescia Constr. Co.* v. *Walart Constr. Co.*, 238 App. Div. 360; *Gellens* v. *Continental Bank & Trust Co.*, 241 App. Div. 591; *Dwan* v. *Massarene*, 199 App. Div. 872; *Tompkins Haulage Corp.* v. *Roberts*, 140 Misc. Rep. 80.)

*Samuel A. Fried* for respondent. The order of the Appellate Division should be affirmed. (*Hanna* v. *Florence Iron Co.*, 222 N. Y. 290; *Fidelity Trust Co.* v. *Brooklyn Properties Corp.*, 229 App. Div. 544; *Matter of Murray Realty Co.*, 35 Fed. Supp.

417; *Niagara Fire Extinguisher Co.* v. *Hibbard*, 179 Fed. Rep. 844.) The dismissal of the complaint should be affirmed. (*Caponrigri* v. *Altiere*, 165 N. Y. 255; *Dodge* v. *Cornelius*, 168 N. Y. 242; *Brinckerhoff* v. *Farias*, 170 N. Y. 427; *People ex rel. N. Y. C. & H. R. R. Co.* v. *Public Service Comm.*, 208 N. Y. 589.)

LOUGHRAN, J. The plaintiff, Eleanor V. V. Brewster, sues as third party beneficiary of a contract made on November 14, 1934, between Motion Picture Publications, Inc., as seller, and the defendant Kable News Company, as buyer. The material words of this contract are these:

" The Seller agrees and does hereby sell to the Buyer, and the Buyer agrees to and does hereby purchase the entire assets of the Seller * * *, including specifically the titles ' Motion Picture ' (magazine) and ' Movie Classic ' (magazine) * * *.

" As further consideration for the purchase herein, the Buyer agrees to assume and agrees to pay the obligation of the Seller * * * to * * * Mrs. Eleanor V. V. Brewster, for support money and/or maintenance, not in excess, however, under any circumstances, of the amount * * * of $40.00 (forty dollars) per week during her life, provided, also, however, that should the Buyer and/or its successors or assigns discontinue the publication of both of the magazines known as ' Motion Picture ' (magazine) and ' Movie Classic ' (magazine), or any other movie fan magazine or magazines having any one or both of said magazines or titles as integral parts thereof or predecessors thereof, by reason of the same being unprofitable ventures, that then and under such circumstances any and all obligations to pay said weekly amounts shall cease and terminate during the cessation of such publications."

With the consent of the plaintiff, all the assets covered by this contract were at once assigned to a new corporation organized by the buyer — this defendant. The new corporation continued to publish the " Motion Picture " and " Movie Classic " magazines as separate periodicals until March, 1937. In March and in April, 1937, a consolidated issue thereof was published by it under the title, " Motion Picture Combined with Movie Classic." Before the next issue was off the press, the new corporation was deprived of control of its affairs through an equity receivership instituted by its creditors in a District Court of the United States. The receiver published a combined issue of both magazines in May,

in June, and in July, 1937, under the sanction of the District Court. Pursuant to its further order, all the assets of the new corporation were sold by the receiver as of June 26, 1937, to persons who have since continued the use of both magazine titles.

Whether these receivership proceedings ended the contract obligation of the defendant to pay forty dollars a week to the plaintiff during her life is the question to be determined on this appeal by her from a summary judgment in favor of the defendant granted by a majority vote of the Appellate Division after denial thereof by Special Term. For the purpose of our decision we shall assume that the purchaser at the receivership sale was in law a stranger to the defendant.

On the actual words of the contract the right of the plaintiff to be paid the weekly amounts was to cease and terminate only if the defendant or its successors or assigns should discontinue the publication of both magazines by reason of the same being unprofitable ventures. This precise contingency did not occur; neither the defendant nor its successor and assign (the new corporation) dicontinued the publication of either magazine. Consequently the defendant must abide by the text of its promise to the plaintiff, unless there are further circumstances which can justly be held to constitute an equitable defense to the legal liability thereon.

The new corporation engaged exclusively in the business of publishing the two magazines. From the start that operation resulted in a mounting money loss. The defendant none the less kept the enterprise on foot by purchasing debenture bonds issued by the new corporation, with the result that the weekly payments to the plaintiff were regularly made until March, 1937, when the receivership proceedings were initiated. Thus the defendant, for reasons of its own, took the risk of the event whereby its only stipulated means of arresting the plaintiff's right was lost. We see no fair ground for escape by the defendant from the terms of its agreement with the plaintiff.

The judgment of the Appellate Division should be reversed, and the order and judgment of Special Term affirmed, with costs in this court and in the Appellate Division. (See 289 N. Y. 849.)

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.