G-liokman, J.
(dissenting). I would vote with the majority for affirmance were it not for the two prior acquittals for similar violations mentioned in the majority opinion. In my view, these two prior acquittals operate as a complete bar to the prosecution in this case under the doctrine of collateral estoppel. The record indicates that on two previous occasions this defendant was charged with violations of the same statute on apparently identical facts, and in each instance was acquitted. Under the doctrine of collateral estoppel, the instant complaint, bottomed on the same statute and like facts, should have been dismissed. To subject defendant to continued prosecutions for what amounts to an identical issue runs counter to the concept that no person shall he twice tried for the same offense or, as here, thrice tried. The fact that the date of the offense in each instance differed is of no material consequence since the offense was the same each time. The important factor is the ‘1 identity of issues ” involved in all three cases (cf. Israel v. Wood Dolson Co., 1 N Y 2d 116,120).
Even if there were erroneous applications of the law in the prior cases, collateral estoppel still would serve to prevent relitigation. In United States v. Moser (266 U. S. 236, 242) the Supreme Court said: ‘ ‘ But a fact, question or right distinctly adjudged in the original action cannot he disputed in a subse *410 quent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law.” So here, the right of the defendant to operate on a Sunday in the manner in which it did was adjudicated by two prior courts as not being in violation of the statute. Surely, the rule aforesaid expressed in Moser {supra) is squarely applicable.
The Court of Appeals of this State has pointed out that a prior adjudication of an issue of fact or of an issue of law ‘ ‘ necessarily determined by the earlier judgment ’ ’ may suffice to bar a second prosecution. Former Chief Judge Lehman, speaking for an unanimous court in People v. Brooklyn & Queens Tr. Corp. (283 N. Y. 484, 495-496) made the following interesting observation: ‘ ‘ Acquittal upon the charge of maintaining a nuisance prior to August 2, 1936, is, of course, not a bar to prosecution upon a charge of maintaining a nuisance thereafter, yet it may in proper case constitute an adjudication of an issue of fact or of law necessarily determined by the earlier judgment, and parlous indeed will be the state of a railroad company if a jury may convict the railroad company of maintaining a public nuisance because, on its own property, it performs without negligence an act incidental to the operation of its railroad but which, in the opinion of the jury, should be performed at some other point where it might cause less annoyance to others; and if, in addition, successive juries may pass upon the question until one jury finds that the railroad is acting unreasonably.”
The majority opinion states that1 ‘ the rule of collateral estoppel does not apply to pure questions of law” and in support thereof cites Yates v. United States (354 U. S. 298), United States v. Moser (266 U. S. 236, supra), and People v. De Sisto (27 Misc 2d 217). These cases appear to enunciate the principle that collateral estoppel is available only as to determinations of fact, or mixed fact and law. But here, the Trial Judge made findings of fact and then undertook to state its opinion of the law applicable thereto. The majority in effect concede that the facts thus found were similar to the facts established in the prior cases. In these circumstances, I am not persuaded that the cases cited prevent the application of the doctrine of collateral estoppel in the case at bar.
In my judgment, the defendant should not be compelled to “ run the gantlet ” more than once (Green v. United States, 355 U. S. 184, 190). The conviction should be reversed, the informations dismissed and the fines remitted.
Hogan, P. J., and Gulotta, J., concur in Per Curiam opinion; Glickman, J., dissents in memorandum.
Judgment of conviction affirmed.