ERVIN, Judge.
Shearson’s interlocutory appeal seeks review of an order granting the Seymours’ motion for partial summary judgment which found it liable for trespass, denying Shearson's motion for summary judgment and its motion to strike the Seymours’ demand for punitive damages. The lower court concluded that Shearson was collaterally estopped by a prior New York judgment vacating a levy of attachment,[1] not *836 appealed by Shearson, which made it liable by application of New York law to the Seymours in their action for trespass in Florida.
Shearson argues the principle of estoppel by judgment does not apply for several reasons, one being that the findings of fact recited by the New York court were erroneous and therefore not binding in the later Florida action. Shearson’s argument is not a correct statement of the law. The doctrine of collateral estoppel applies to questions of fact adjudged in the original action which, as a result, cannot be disputed in a second action, even though the determination was reached upon an erroneous view or an erroneous application of the law. United States v. Moser, 266 U.S. 236, 242, 45 S.Ct. 66, 69 L.Ed. 262 (1924). Shearson as a result was precluded from relitigating facts previously decided against it, even though the facts may have been erroneously stated in the prior court’s judgment.
Shearson next argues certain facts were either not at issue or were not specifically ruled upon by the New York court, therefore the New York judgment dismissing Shearson’s levy on property belonging to the Seymours was not binding upon the Florida court in the later, separate action for trespass. This argument brings into focus precisely what facts or issues were litigated in the prior action so as to become binding upon Shearson in the later action.
The principles of either res ad judicata or estoppel by judgment provide the primary test in determining the applicability of the full faith and credit clause of the federal constitution, Article IV, Section 1. Gordon v. Gordon, 59 So.2d 40 (Fla.1952), cert. den., 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952). Thus a judgment of a foreign jurisdiction must be accorded full faith and credit in a subsequent action between the same parties when the evidence relied upon in the second suit, necessary to sustain the latter action, was essentially the same as that which was given or would have been required had the complaining party testified in the prior suit. If the second suit is bottomed upon a different cause of action, estoppel by judgment comes into play and only those matters actually litigated and determined in the initial action are foreclosed — not other matters which might have been, but were not, litigated or decided. Thus where the causes of action are different, the judgment in the first suit only estops the parties from litigating in the second suit issues which were actually adjudicated in the prior litigation, and the testimony in the second suit must be essentially the same as that which was produced in the former action. Id. at 45. The rule is in essence the same in New York. A fact, once decided in an earlier suit, is conclusively established between the parties in the later suit, provided it was necessary to the result in the first suit. Hinchey v. Sellers, 7 N.Y.2d 287, 197 N.Y.S.2d 129, 165 N.E. 156 (1959).
It is necessary to establish, since the rights of the parties in the trespass action are governed by the law of the place where the tort was committed, Ganem v. Ganem de Issa, 269 So.2d 740, 746 (Fla.3d DCA 1972), cert. den., 414 U.S. 1113, 94 S.Ct. 844, 38 L.Ed.2d 740 (1973), whether the law of New York, as applied to the facts found by the court in the attachment action, leads to the conclusion that there is no genuine issue of material fact on the question of Shear-son’s liability to the Seymours in the subsequent action of trespass brought in Florida.
New York courts generally recognize three types of attachment actions which may or may not, depending upon which of the three categories the prior attachment action falls into, subject the attachment plaintiff to a later action in trespass. First, if a writ of attachment is void, it furnishes no justification to the party seeking the attachment, and he is liable in a later action for what has been done under it at any time, and it is not necessary that the attachment be set aside before maintaining the second action. Second, if the writ is irregular only, and not absolutely void, no action lies until it has been set aside, but *837 once it is set aside it ceases to be any protection to the attachment plaintiff for acts done under it while it is in force. Third, if the writ was regularly issued, in a case where the court had jurisdiction, the attachment plaintiff may justify what was done under it after it has been set aside for error in the judgment or proceeding. Day v. Bach, 87 N.Y. 56, 61 (1881); Siegel v. Northern Boulevard and 80th Street Corp., 31 A.D.2d 182, 295 N.Y.S.2d 804, 807 (1968).
If the attachment action falls into the third category, where the action was mere error, the only redress is upon the undertaking which is the “source and measure of liability.” Subin v. United States Fidelity and Guar. Co., 12 A.D.2d 49, 52, 208 N.Y. S.2d 278 (1960). If, however, a summons is not served on the defendant in an action within the time required by law, the court loses jurisdiction, and the attachment is rendered unauthorized and void from the beginning, and the warrant will not justify acts done under it. Ruser v. Union Distilling Co., 7 Misc. 396, 27 N.Y.S. 920 (N.Y., Common Pleas, 1894). Thus the attachment creditor is liable in a later action “as a trespasser for acts done under a void warrant. . . . ” Id. at 922. It follows the law in New York is that if property is levied upon outside the time required by law, the attachment is rendered unauthorized and void. Ibid. The only remaining question is whether that issue was decided by the New York court so as to estop Shear-son from raising any defense which it might otherwise have available to it in the subsequent Florida action.
It is clear from a reading of the New York judgment, although it was bottomed upon different grounds, that the issue was determined. The court held that since the res was not seized within 60 days from the issuance of the first order of attachment, it had no jurisdiction over the res. It also held the seizure could only have been made pursuant to the first order of attachment, therefore payment could not have been made as a result of the second order since it preceded both the sheriff’s levy and Hutton’s notice of that order. The court therefore made an explicit ruling, not appealed by Shearson, that it had no jurisdiction over the res due to the failure of Shearson to comply with the time limitations imposed by New York law. Those findings were binding upon Shearson and precluded it from raising matters which it argues were not specifically ruled upon by the prior judgment. The lower court’s partial summary judgment in favor of the Seymours is affirmed.
The Seymours’ motion to dismiss points two and three of Shearson’s brief is granted since we have no jurisdiction under Fla.App.R. 4.2a to consider in an interlocutory appeal the denial of Shearson’s motion for summary judgment and the refusal of the lower court to grant its motion to strike Seymours’ prayer for punitive damages.
AFFIRMED.
BOYER, Acting C. J., and MILLS, J., concur.

. Shearson had originally sued out a writ of attachment against any property found by the sheriff within his jurisdiction. The levy of attachment was subsequently vacated by a New York civil court whose judgment stated:
“This is a motion by defendants for an order to dismiss the complaint for lack of jurisdiction pursuant to CPLR 3211(a)(8) or in the alternative to dismiss complaint upon grounds of forum non conveniens pursuant to CPLR 327 and, if dismissal is ordered, for ancillary relief pursuant to CPLR 6214(G), 6218, 6224 & 6225 for return of seized property for judgment on the undertaking. The facts are not in dispute and need not be recited herein.
There is no doubt that the court lacks in personam jurisdiction for defendants never transacted business in New York with anyone.
The June order of attachment was invalid at the time of payment Res was not seized nor service of process effectuated within 60 days from the granting of the order of attachment (CPLR 6213). Payment could not have been made pursuant to second order of attachment in August as it preceeded [sic] both sheriffs levy thereunder and E. F. Hutton & Company, Inc.’s notice of such order.
A check drawn on an out of State bank and not securities were transmitted to the sheriff. The Res was a credit balance owed by the Jacksonville, Florida branch of E. F. Hutton & Company, Inc., a brokerage house doing business throughout the world and was not within the jurisdiction of the sheriff and could not be attached. Therefore this attachment must be vacated and defendants’ motion on these grounds is granted.”