NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1070
_____

BAYSHORE FORD TRUCK SALES INC, a Delaware corporation;
MOTOR CITY TRUCKS, INC., a Delaware corporation; COLONY
FORD TRUCK CENTER, INC., a Rhode Island corporation, individually
and on behalf of all others similarly situated

v.

FORD MOTOR COMPANY

Allegheny Ford Truck Sales; All-State Truck Sales;
Atlantic Ford Truck; Bedford Ford; Bi-State Ford;
Ford Truck Sales; Bondy's Ford; Bridgehaven Ford
Truck Sales; Broadway Ford Truck Sales; Carl
Beasley Ford; Central Ford Truck Sales; Chesapeake
Ford Sales Truck; Country Ford Trucks; Cresent Ford
Trucks; Crossroads Ford; Dave Syverson Ford; Don
Sanderson Ford; Don's Truck Sales; Elliot-Wilson
Capitol Truck; Freedom Ford Truck Center; Friend
Motor Sales; Gabrielli Ford; Gateway Motors; Gator
Ford; Golden State Ford; Graham Ford; Harr Ford;
Heintzelman's Trucks; Hubco Ford Truck Sales;
Interstate Ford Truck; Kayser Ford; Keystone Ford
Truck Sales; L&S Truck Sales; La Crosse Truck
Center; Lee Smith Ford; Leif Johnson Ford Truck
City; LJL Truck Center; Manderbach Ford; Merle
Kelly Ford; Mid Tenn Ford Truck Sales; Miramar
Ford Truck Sales; Mission Valley Ford Truck Sales;
Mountain State Ford Truck Sales; Murray's Ford;
Orange Motor Co.; Palmetto Ford Truck Sales; Peck
Road Ford Truck Sales; Piedmont Ford Trucks;
Prestige Ford; River City Ford Truck Sales; Salinas
Valley Ford Sales; Southland Truck Center; Sunbury
Motor Company; Treadwell Ford; Tri-Point Ford

Truck Sales; Tri-State Ford Trucks; Truck Center; V&H; Valley Ford Truck Sales; Wabash Ford Truck Sales; Wolverine Ford Trucks Sales,

Appellants

_____

On Appeal from the District Court
for the District of New Jersey
(D.C. Civil No. 2-99-cv-00741)
District Judge: Honorable Jose L. Linares
_____

Argued: March 4, 2015

Before: AMBRO, SCIRICA, and ROTH, <u>Circuit Judges</u>

(Filed: April 14, 2015)

Eric L. Chase, Esq.
Bressler, Amery & Ross
325 Columbia Turnpike
Suite 301
Florham Park, NJ  07932

Steven M. Klepper, Esq.
James P. Ulwick, Esq. [ARGUED]
Kramon & Graham
One South Street
Suite 2600, Commerce Place
Baltimore, MD  21202

        *Counsel for Appellants*

Paul J. Halasz, Esq.
Dennis LaFiura, Esq.
Day Pitney
One Jefferson Road
Parsippany, NJ  07054

Sean M. Marotta, Esq.
Dominic F. Perella, Esq. [ARGUED]
Hogan Lovells US
555 Thirteenth Street, N.W.
Columbia Square
Washington, DC 20004

      *Counsel for Appellee*

_____

OPINION[*]

_____

**SCIRICA**, *Circuit Judge*

Sixty-three heavy-duty truck dealers with a Heavy Truck Sales and Service Agreement ("SSA") with Ford Motor Company appeal the denial of their motion for relief from judgment under Federal Rules of Civil Procedure 59 and 60. We will affirm.[1]

**I.**

Seventy-four dealers sued Ford in federal court for breach of the SSA. Because each dealer had effectively the same SSA agreement with Ford, the District Court certified the dealers as a class for determination of Ford's liability for alleged breach of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 over this action arising under the Automobile Dealer's Day in Court Act, 15 U.S.C. §§ 1221–1225, and exercised supplemental jurisdiction over Appellants' state law claims, including the breach of contract claim at issue here, under 28 U.S.C. § 1367. Our jurisdiction is under 28 U.S.C. § 1291. We review the denial of a motion to alter or amend a judgment for abuse of discretion. *Montgomery County v. Microvote Corp.*, 320 F.3d 440, 445 (3d Cir. 2003).

the SSA. The court held Ford breached the SSA and entered partial summary judgment for the seventy-four class member dealers on the issue of liability. Finding plaintiffs' expert's damages model produced intra-class conflicts, the court later decertified the class as to damages. The liability class, however, remained intact at all times. In a single bellwether trial, a jury then awarded eleven members of the liability class—the three class representatives and eight other class members (the "bellwether" dealers)—$29 million in damages. Expecting the bellwether appeal would facilitate the resolution of the remaining sixty-three dealers' claims, the court subsequently entered final judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of the eleven bellwether dealers. Ford appealed the denial of its motion for summary judgment on the issue of liability and the jury's damages award.

In a nonprecedential opinion in *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 540 F. App'x 113 (3d Cir. 2013) (*Bayshore I*), the United States Court of Appeals for the Third Circuit held Ford had not breached the SSA; reversed the District Court's grant of summary judgment on the issue of liability; and remanded with instructions to enter judgment on liability in Ford's favor. On remand, the District Court entered a judgment holding Ford not liable with regard to the entire class. The remaining sixty-three members of the liability class then moved for relief from judgment under Federal Rules of Civil Procedure 59 and 60. The court denied their motion on the ground that all class members were bound by *Bayshore I*'s resolution of liability in favor of Ford. On appeal, the sixty-three dealers contend they are not bound by *Bayshore I* because the court of appeals lacked jurisdiction over them in that case.

## II.

Contending that Rule 54(b) was the basis for appellate jurisdiction in *Bayshore I* and that a Rule 54(b) judgment was not and could not have been entered in favor of the sixty-three dealers given they had no jury award as to damages, the sixty-three dealers claim the court of appeals had no jurisdiction to bind them.[2] But it is undisputed that the eleven bellwether dealers, including the three named class representatives, were properly before the court of appeals in *Bayshore I* and that the court of appeals had jurisdiction to adjudicate the issue of Ford's liability. In the context of a class action, it is well settled that "a person not named as a party may be bound by a judgment on the merits of the action, if she was adequately represented by a party who actively participated in the litigation." *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008); *accord, e.g.*, *Theisen v. City of Dearborn*, 147 N.W.2d 720, 723-24 (Mich. Ct. App. 1967). The sixty-three dealers were at all times members of the liability class, and they do not argue that the eleven bellwether dealers in *Bayshore I* did not actively participate in the litigation or adequately represent their interests. In fact, the same counsel who represented the eleven bellwether dealers represented the sixty-three dealers in this appeal. For the same reasons, had the court of appeals in *Bayshore I* affirmed summary judgment in favor of the class, the sixty-three dealers would have prevailed on liability as class members.

Simply put, the sixty-three dealers ask us to determine that Ford breached the SSA even though *Bayshore I* resolved this exact same issue on the exact same facts against the

---

[2] The sixty-three dealers' reliance on *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3d Cir. 1977), is misplaced because there was no certified class in that case. *Id.* at 439.

5

three named class representatives and the eight other dealers.[3] But a core principle of issue preclusion is that "later courts should honor the first actual decision of a matter that has been actually litigated," 18 Charles Alan Wright, Arthur R. Miller et al., *Federal Practice and Procedure* § 4416 (2d ed. Sept. 2014). The sixty-three dealers were adequately represented by fellow class members in *Bayshore I* for our determination of the very same issue of liability, and we are bound by that decision.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Appellants rely on *Montana v. United States*, 440 U.S. 147 (1979), but under that case "a *fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law." *Id.* at 162 (quoting *United States v. Moser*, 266 U.S. 236, 242 (1924)).