John COSTELLO, as Trustee of the Estate of Transocean Air Lines, a corporation (Bankrupt); John M. England, as Trustee of the Estate of Transocean Corporation of California (Bankrupt); and Orvis M. Nelson, Plaintiffs,

v.

PAN AMERICAN WORLD AIRWAYS, INC.; Continental Airlines, Inc.; The Boeing Company; and Aviation Financial Services, Inc., Defendants.

No. 63 Civ. 2845.

United States District Court
S. D. New York.

Feb. 11, 1969.

co, Cal., and James V. Joy, Jr., New York City, of counsel.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant Pan American World Airways, Inc.; by Fowler Hamilton, James C. Blair, Kirt F. Zeigler, Paul N. Roth, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for defendant Boeing Co.; by Henry L. King and Thomas Griesa, New York City, Holman, Perkins, Coie, Stone & Olsen, Seattle, Wash., by J. Paul Coie, Phillip Gladfelter, and Richard E. Williams, Seattle, Wash., of counsel.

Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, for defendant Continental Airlines, Inc.; by Bernard Ouziel, New York City, and Cooper, White & Cooper, San Francisco, Cal., by Charles W. Kenady and R. Barry Churton, San Francisco, Cal., of counsel.

## OPINION

POLLACK, District Judge.

This is a plenary suit instituted by bankruptcy trustees and a principal stockholder and former officer of the bankrupts to recover damages for alleged antitrust and common law violations. The case was assigned to me for all purposes under Rule 2 of the General Rules of the United States District Court for the Southern District of New York. The action was commenced on September 30, 1963 and is at issue. There have been extensive discovery proceedings. A preliminary trial has been held to determine whether the claims of plaintiffs as trustees in bankruptcy and the individual plaintiff are barred by applicable statutes of limitation.

Jurisdiction to entertain this action on behalf of the trustees rests on section 23 of the Bankruptcy Act, 11 U.S.C. § 46, which confers jurisdiction upon all district courts to hear plenary suits where the bankrupt might have brought them if bankruptcy proceedings had not been instituted.

Joseph L. Alioto, San Francisco, Cal., for plaintiffs; by Maxwell M. Blecher, and Harold R. Collins, Jr., San Francis-

■ The individual plaintiff, Orvis M. Nelson, has joined the trustees in

this suit claiming damages under the antitrust laws for injuries to him as a stockholder, officer and director of the bankrupt and also asserting a common law claim on his individual behalf arising out of the general subject matter herein. Only the former claims are considered at this time and only from the viewpoint of the statute of limitations; no limitary bar is asserted against the common law claim.[1]

The parties have agreed on most of the facts relevant to the issue tried and these have been incorporated in the findings of the Court with the caveat that they are agreed to only for purposes of decision on the statute of limitations prior to trial on the merits of this case. Additional findings of fact made by the Court after trial on the issue of the statutes of limitation are set forth in the decision and have been identified as such by a mark adopted for that purpose. The chronology which is significant herein is as follows.

On 23 June 1960, certain creditors of Transocean Air Lines ("TAL") filed an involuntary petition in the United States District Court for the Northern District of California seeking to have TAL adjudicated a bankrupt. John Costello was appointed Receiver of the Estate of TAL, with full powers including power to sue, on 12 August 1960.

On 3 April 1961, TAL filed in the pending involuntary bankruptcy proceedings a petition for an arrangement under § 321 of Chapter XI of the Bankruptcy Act, 11 U.S.C. § 721.

On 16 October 1962, by order of the Referee in Bankruptcy, TAL was adjudicated a bankrupt and John Costello was appointed and then qualified as trustee of TAL. The Chapter XI proceeding was not dismissed and has remained pending; and from time to time steps have been taken therein by TAL, including the amendment of the plan of ar-

rangement of May 1961 and an application for its confirmation; later, a request was made that decision on the amended plan be deferred. The Referee thereafter continued to carry the matter on his calendar in order to permit the filing of a satisfactory plan of arrangement with a view to setting aside the 16 October 1962 order of adjudication.

Section 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e), which is entitled "Suits by and against bankrupts", provides that a receiver or trustee may, within two years subsequent to the date of adjudication (or within such further time as the federal or state law may permit) institute proceedings on behalf of the estate upon any claim against which the period of limitation fixed by federal or state law had not expired at the time of the filing of the petition in bankruptcy.

Section 1(12) of the Bankruptcy Act, 11 U.S.C. § 1(12), defines "date of adjudication" as "the date of the filing of any petition which operates as an adjudication, or the date of entry of a decree of adjudication * * *"; and § 1(2) of the Bankruptcy Act, 11 U.S.C. § 1(2), defines "adjudication" as "a determination, whether by decree or by operation of law, that a person is a bankrupt."

The foregoing provisions of the straight bankruptcy sections of the Act are incorporated in a Chapter XI proceeding by § 302, 11 U.S.C. § 702, which directs that the provisions of Chapters I–VII shall, insofar as they are not inconsistent with or in conflict with the provisions of Chapter XI, apply in proceedings under Chapter XI. Section 302 further provides that the incorporated provisions relating to "bankrupts" shall be deemed to relate to "debtors", and those relating to "bankruptcy proceedings" or "proceedings in bankruptcy" shall be deemed to include proceedings under Chapter XI. It is further provid-

---

1. It is clear that an individual may not secure a personal recovery for an alleged wrong done to his corporation under the antitrust laws. Bookout v. Schine Chain Theatres, Inc., 253 F.2d 292 (2d Cir. 1958); Fleischer v. Paramount Pictures Corp., 329 F.2d 424 (2d Cir. 1964); Skouras Theatres Corp. v. RKO Corp., 193 F.Supp. 401, 407 (S.D.N.Y.1961).

ed in § 302 that in applying the bankruptcy sections in proceedings under Chapter XI "the date of the filing of the petition under section 321" shall be taken to be "the date of adjudication" except where an actual adjudication had previously been entered.

In marking the filing of the Chapter XI petition as "the date of adjudication" for the purposes of Chapter XI proceedings (§ 301, 11 U.S.C. § 701), section 302 gives such filing the effect given to the filing of a voluntary petition in bankruptcy under Chapters I–VII, § 18(f), 11 U.S.C. § 41(f), and to the filing of voluntary petitions under other chapters of the Bankruptcy Act; see, § 102, 11 U.S.C. § 502; § 402, 11 U.S.C. § 802; § 602, 11 U.S.C. § 1002.

The jurisdiction, powers and duties of the court, its officers, the debtor and creditors are the same from the date of filing of a Chapter XI petition "as if a decree of adjudication had been entered" on that date. §§ 312, 341, 352; 11 U.S.C. §§ 712, 741, 752.

■ The petition filed by TAL under Chapter XI in the pending involuntary bankruptcy proceedings altered the extension of time to bring a plenary suit allowed to the representative of the estate by the Bankruptcy Act in the absence of such petition. The "date of adjudication" which governed after such petition was filed was 3 April 1961, namely, the date of the Chapter XI petition, since no actual determination of bankruptcy had yet been made.

■ However, prior to the expiration of two years from the date of filing of the Chapter XI petition, the Referee on 16 October 1962 adjudicated TAL a bankrupt, as mentioned above, thereby terminating the receivership and transferring the estate to the trustee upon his qualification and erasing the constructive date of adjudication established by the Chapter XI petition.

The Act provides, § 378(1), 11 U.S.C. § 778(1), that where a § 321 petition was filed, as here, and then an order is entered directing that bankruptcy be proceeded with, the bankruptcy proceeding "thereafter shall be conducted, so far as possible, as if such petition under this chapter had not been filed." This, and it has so been held, In re Ira Haupt & Co., 390 F.2d 251 (2d Cir.1968), causes the court proceedings to revert to the status quo ante the filing of the Chapter XI petition.

■ Applying this statute to the commencement of the limitary period within which the bankruptcy trustee may bring a plenary suit, the earlier "date of adjudication" constructed by the Chapter XI petition was eliminated from consideration in bankruptcy proceedings and proceedings in bankruptcy since the statute directs that such proceedings shall be thereafter conducted "as if such petition under this chapter [XI] had not been filed", § 378(1), 11 U.S.C. § 778(1).

No limitary bar was erected against TAL or its receiver by the lapse of only a portion of the period allowed by § 11(e), 11 U.S.C. § 29(e), during the Chapter XI proceeding and prior to the adjudication in bankruptcy and the appointment and qualification of the trustee, that is, the interim between 3 April 1961 and 16 October 1962, a period of less than two years. The erasure, in effect, of this interim from the calculation of time to enforce TAL's claims did not lift any limitary bars established during the Chapter XI receivership or collide with any rights which had vested.

■ A limitary statute does not establish a vested substantive right and, at least until the expiration of the period named in such a statute, the period may be validly lengthened or shortened by operation of statute. Cf. United States v. Obermeier, 186 F.2d 243, 254–255 (2d Cir.1950), cert den. 340 U.S. 951, 71 S. Ct. 569, 95 L.Ed. 685 (1951).

Defendants challenge the conclusion that the bankruptcy adjudication is to be taken as "the date of adjudication" herein on the grounds that the Chapter XI proceedings were not dismissed by any Court order; that § 378(1), 11 U.

S.C. § 778(1), is therefore not applicable; and that, where there are two proceedings standing, § 302, 11 U.S.C. § 702, requires that the date of filing of the Chapter XI petition be taken to be the date of adjudication unless an adjudication had previously been entered in the bankruptcy. Central to their argument is defendants' contention that nothing has terminated or dismissed TAL's arrangement proceedings; indeed they point out that TAL continued to take steps in the Chapter XI proceeding for a considerable time after bankruptcy was adjudicated.

This Court does not read *Ira Haupt* as requiring that the Chapter XI proceeding must be dismissed before § 378(1), 11 U.S.C. § 778(1), applies. Dismissal there was a fortuitous event which accompanied the adjudication; it added nothing to the direction necessarily implied from the adjudication that bankruptcy be proceeded with. The statute does not condition its command on a dismissal of the § 321 arrangement petition. Since the bankruptcy proceedings were to be conducted after the adjudication "as if the petition under this chapter [XI] had not been filed", it seems of little consequence on the question here whether the attempt at an arrangement remains standing or is dismissed; indeed, if dismissed, it can be immediately refiled, § 321, 11 U.S.C. § 721.

A simpler approach to the limitary problem here is that the Debtor in possession or its Receiver could not have filed this suit after 16 October 1962. The plaintiff here is the trustee in bankruptcy. The suit is on behalf of TAL's creditors, not TAL; the trustee is suing under his bankruptcy powers—not as a representative of or for the primary benefit of a Debtor in possession or its Receiver. See, § 44, 11 U.S.C. § 72. The defendants have said that the trustee's suit is barred by limitations. However, the limitary period had not run against the Debtor during the time that the Debtor or its Receiver was able to sue on these claims and the limitary

period extended to a trustee by § 11(e), 11 U.S.C. § 29(e), did not run between the time that title to the demands of the estate passed to him and the time of the inception of this suit. It would be strange indeed if a statute of limitations operated as a bar where the one against whom the bar was operating no longer had title to the claim and was disabled from suing thereon.

The adjudication removed the power of the Debtor and its Receiver to institute these claims and transferred the title thereto to the trustee. The Act provides that a receiver may be authorized "to commence and prosecute any suit or proceeding in behalf of the estate * * until the petition is dismissed or the trustee is qualified." § 2(a) (3), 11 U.S.C. § 11(a) (3). Yet the defendants would have the time limit continue to run against the Debtor or its Receiver after the trustee had qualified.

The trustee took title to the choses in action herein upon his qualification. § 70, 11 U.S.C. § 110. In consequence, whether the Chapter XI proceeding is dismissed is of no moment with respect to the rights and obligations of the trustee as the plaintiff in this suit.

Defendants have urged that the trustee Costello is collaterally estopped from raising the issue of which "date of adjudication" applies in plenary suits brought by him on behalf of the estate, by virtue of a prior determination in the United States District Court for the Northern District of California that this trustee's two years under § 11(e), 11 U.S.C. § 29(e), must be computed from the filing of the Chapter XI petition by TAL on 3 April 1961.

The California suit, Costello v. Atlas Corp., 1967, 297 F.Supp. 19 (N.D.Cal.), was commenced on 28 July 1965 and involved claims against Atlas arising out of a different transaction and involving a different subject matter. Involved in *Atlas* was an allegedly fraudulent financing transaction and the allegedly fraudulent conveyance of TAL's subsidiaries to Atlas.

It was conceded in effect in the *Atlas* case that the applicable state statute of limitations barred the claim and that selection of either the date of the filing of the Chapter XI petition or the time of the actual adjudication would result under § 11(e), 11 U.S.C. § 29(e), in a bar of the demands in the *Atlas* case.

The *Atlas* court found that there was no suspension of the running of the two year period and determined that as matter of law the period commenced to run from the filing of the Chapter XI petition, relying on Henkin v. Rockower Bros., Inc., 259 F.Supp. 202 (S.D.N.Y. 1966).

Summary judgment was granted to defendants in *Atlas* "as a matter of law, on the ground that the statute of limitations bars plaintiffs' cause of action and that plaintiffs have failed to [state] a claim for relief." Judgment was entered on 30 October 1967. No appeal was taken and the time for taking an appeal has expired.

█ Collateral estoppel does not arise from the resolution of an unmixed question of law where the suit in which the estoppel is being asserted is based upon a completely different subject matter and transaction, a different demand, claim or chose in action. United States v. Moser, 266 U.S. 236, 242, 45 S.Ct. 66, 69 L.Ed. 262 (1924); cf. United States v. Russell Mfg. Co., 349 F.2d 13, 18 (2d Cir.1965); Yates v. United States, 354 U.S. 298, 336, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957).

Plaintiff in *Moser* was successful in urging collateral estoppel against the Government, which tried to deprive him of certain pension rights he had previously established in a suit involving an earlier instalment of the same retirement benefits. Plaintiff sought to vindicate the same underlying right in each suit; the only difference was the particular instalment due thereunder. That obviously is not the situation this Court faces here.

█ Collateral estoppel would not apply here in any event because the Sec-

ond Circuit has clearly rejected the *Atlas* ruling in respect of a § 321 arrangement proceeding and has expressly rejected the applicability of *Henkin* (a § 322 case) upon which *Atlas* relied. In re Ira Haupt & Co., 390 F.2d 251 (2d Cir.1968). Where a question is one of law, its determination is not available as an estoppel in a subsequent suit on a different subject matter and demand when a change in law has intervened or been announced between the time of the first judgment and the second. State Farm Mutual Auto. Ins. Co. v. Duel, 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812 (1945); Application of Szwarc, 319 F.2d 277, 286, 50 CCPA 1571 (1963); Christian v. Jemison, 303 F.2d 52, 55 (5th Cir.1962), cert. den. 371 U.S. 920, 83 S.Ct. 287, 9 L.Ed.2d 229 (1962); and see Scott, Collateral Estoppel By Judgment, 56 Harv.L.Rev. 1, 7 et seq. (1942).

Moreover, it is questionable whether plaintiff Costello in the *Atlas* case had the legally requisite full and fair opportunity to litigate this question of law in an adversary climate since it is clear that the choice of either of the two dates before the Court, viz., the date of the filing of the Chapter XI petition or the date of the order of adjudication, would have barred Costello's claim in *Atlas*. The focus of that litigation did not afford the legally requisite fair opportunity to consider the date selection that is so critical here.

█ Without resting the Court's decision on the point, it is worth noting that where, as here, mutuality is lacking between the parties a court must scrutinize with care the precise issue involved before mechanically applying a collateral estoppel, e. g., Zdanok v. Glidden Co., 327 F.2d 944, 956 (2d Cir.1964); Agrashell, Inc. v. Bernard Sirotta Co., 281 F.Supp. 704, 707 (E.D.N.Y.1968), cited with approval in Nickerson v. Kutschera, 390 F.2d 812, 814 (3d Cir. 1968). Even before the relatively recent elimination in certain instances of the requirement of mutuality, the doctrine of collateral estoppel was not applied

mechanically in respect of every question of law. Tax law was a well recognized exception. Com'r of Internal Revenue v. Sunnen, 333 U.S. 591, 599, 68 S. Ct. 715, 92 L.Ed. 898 et seq. (1948); United States v. Russell Mfg. Co., 349 F.2d 13, 18, 19 (2d Cir.1965). Customs law was another. United States v. Stone & Downer Co., 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013 (1927). And see, Pan American World Airways v. C. A.B., 380 F.2d 770 (2d Cir.1967), at pages 776 and 777, for still another expression of the reluctance of this Circuit to preclude "litigation of a question of law by extending the doctrine of *res judicata* [collateral estoppel] into areas traditionally governed by 'the ordinary rule of *stare decisis*'."

Defendants have brought to the attention of this Court only one case in this Circuit that purports to apply collateral estoppel to a threshold question of the statute of limitations. United Banana Co. v. United Fruit Co., 172 F.Supp. 580 (D.Conn.1959). That decision involved, not a pure question of law, but the relitigation of an issue of fact, viz., whether or not the defendant had been present in the state. This factual issue had been submitted to and decided by a jury in the previous case.

Accordingly, the Court holds that the claims of the trustee in bankruptcy, plaintiff, made in the Amended Complaint which were not barred by applicable federal or state law on 23 June 1960, the date of the filing of the involuntary petition in bankruptcy against TAL, are not barred by the limitary period contained in § 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e); and the doctrine of collateral estoppel will not be applied to the question of law presented herein.

■ The plaintiff Orvis M. Nelson is not entitled to the extension of time to sue provided for the trustee in § 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e), and Nelson's First Claim was barred when this suit was filed by applicable federal or state law and that claim should be dismissed.