In the Matter of RUSSELL SAGE COLLEGE et al., Respondents, *v.* STATE DIVISION OF HUMAN RIGHTS et al., Appellants.

Third Department, June 27, 1974.

*Henry Spitz* (*Howard Hertzberg* of counsel), for appellants.

*Pattison, Herzog, Sampson & Nichols, P. C.* (*Lambert L. Ginsberg* of counsel), for respondents.

SWEENEY, J. In September of 1970 Dr. Adrienne Rogers, an assistant professor of French employed by Russell Sage College, was promoted to associate professor at an increased salary of $11,000. Two male employees were also promoted to associate professors at the same time, with salaries increased to a minimum of $13,000. On October 21, 1971 Dr. Rogers filed a complaint with appellant Division of Human Rights alleging such facts and charging petitioner Russell Sage College, along with its president and vice-president, with "an unlawful discriminatory practice relating to employment on or about September 1970 and continuing" by denying her equal terms, conditions and privileges of employment by reason of her sex, claiming that the two males had less seniority than she and held the same degrees as she. This complaint was amended on May 7, 1973, alleging that her salary "continues to be substantially less than the salaries paid to male faculty members of comparable rank, years of experience and ability." In the meantime, the Division had determined, after investigation, that there was probable cause to believe that petitioners had engaged or were engaging in an unlawful discriminatory practice and a notice of hearing was thereupon issued. Thereafter, this article 78 proceeding was commenced seeking to prohibit appellants from holding such hearing. Special Term concluded that the complaint was not timely filed since the action involving the promotions and salary increases occurred in September of 1970, and enjoined appellants from holding a hearing upon the complaint.

The pertinent statute provides: "Any complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice." (Executive Law, § 297, subd. 5.) Rules and regulations promulgated by the

Division pursuant to subdivision 5 of section 295 of such law provide, in part, as follows: "If the alleged unlawful discriminatory practice is of a continuing nature, the date of its occurrence shall be deemed to be any date subsequent to its inception up to and including the date of its cessation." (9 NYCRR 465.3 [e].) Appellants contend that since the complaint alleges facts which, if proved, would constitute a continuing discrimination, it is not untimely. With this contention we agree. If, as alleged, the complained-of practice continued without correction, it represented a continuing pattern of discrimination, and the complaint was, thus, timely filed. As a result, it follows that the Division has jurisdiction to entertain the complaint, and the granting of prohibition was, therefore, not warranted. (*Matter of Greater N. Y. Corp. of Seventh Day Adventists* v. *Commission on Human Rights of City of N. Y.*, 27 N Y 2d 898; *Matter of Board of Educ. of Syracuse City School Dist.* v. *State Div. of Human Rights*, 38 A D 2d 245.) Nor was the Division divested of its jurisdiction by the filing of a complaint with the Federal Equal Employment Opportunity Commission, since the Division complaint was filed prior thereto and the allegations contained in the amendment to the initial complaint merely concern continuing acts of discrimination.

The judgment should be reversed, on the law, without costs, and the petition dismissed.

HERLIHY, P. J., STALEY, JR., MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law, without costs and petition dismissed.