■ In the Matter of JAMES W. STACEY, Petitioner, v JAMES A. McDANIEL et al., Respondents.—Order, New York State Human Rights Appeal Board, entered January 16, 1976, affirming order of New York State Division of Human Rights, entered July 2, 1975, dismissing petitioner's complaint as time-barred, unanimously annulled in the interest of justice, the complaint reinstated, and the proceeding remanded to the Division of Human Rights for investigatory hearing, as herein set forth, without costs and without disbursements. In December, 1973 petitioner's employment was terminated in the course of claimed reorganization of his employer's staff; his complaint, made in person in May, 1974 at the office of the division to one Beebe of the division's staff, was that he had been discriminated against by reason of race, age, and sex. Expressing concern as to timeliness of his complaint—subdivision 5 of section 297 of the Executive Law sets forth a limitation of one year—he was assured by Beebe that his complaint was timely and the complaint would be deemed filed as of the time of visit, but that he should follow it up by specific charges. He sent a letter within a few days which

contained specifics; his formal complaint, sent and acknowledged a little over a year later, was shortly dismissed because of lack of jurisdiction by reason of the time limitation. He appealed; the holding was affirmed. It is disclosed that the division's record reflects petitioner's timely visit to the office not at all. Beebe is no longer with the division, but one Starr, an attorney employed by the division, has made affidavit that he has interviewed Beebe, who has in essence verified petitioner's claim. Subdivision 12 of section 295 of the Executive Law requires the division to furnish assistance to those seeking the protection of article 15 of the Executive Law (Human Rights Law). It would appear that petitioner's predicament may well, if the facts bear him out, be attributable to the failure of the division's employee properly to render such assistance. The interest of justice requires that an inquiry be made by the division to ascertain whether petitioner's finding himself out of court by reason of limitation of time may be due to the division's own failure to render effectual assistance to petitioner in the processing of his complaint. Should it so find, its duty would clearly be to process the complaint, as timely filed, on its merits. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.