■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the respondent State Human Rights Appeal Board, dated April 20, 1978, which affirmed a determination of the respondent State Division of Human Rights which, after a hearing, *inter alia,* (1) found that the petitioner discriminated against its current and former female employees as a class, and against the

complainant as an individual, on the basis of sex, in the terms, conditions and privileges of employment, by failing to provide sick leave and other benefits to its employees who are disabled by or in connection with pregnancy to the same extent as to employees disabled by other nonoccupational illnesses or injuries and (2) granted class-wide and retroactive monetary relief. Petition granted to the extent that the order is modified, on the law, by adding thereto after the word "affirmed", the following: "except that the determination of the State Division of Human Rights is modified by striking therefrom (a) ordering paragraphs numbered 3, 4, 5, 8, 10 and 12, (b) the words 'and former female employees' from the 6th ordering paragraph, (c) the word 'both' from the 7th ordering paragraph and everything in said paragraph commencing with the word 'and' as it first appears therein and (d) the numbers 4, 5, 8 and 10 from the 11th ordering paragraph." Petition otherwise dismissed, on the merits, without costs or disbursements. The respondents improperly granted class-wide and retroactive monetary relief to former female employees who were not parties to this proceeding which was commenced by the complainant, purportedly, on behalf of herself and others similarly situated. In *Board of Educ. v New York State Div. of Human Rights* (44 NY2d 902, 903-904) the Court of Appeals said: "Respondents, State Division of Human Rights and State Human Rights Appeal Board, seek to have appellant, board of education, held in contempt for violating an order of the Appellate Division dated June 25, 1973 directing appellant, among other things, to cease and desist from discriminating against its employees on the basis of sex. Although a motion to adjudge appellant in contempt might well be a proper means of attacking an alleged continued failure to obey that order, such a procedural vehicle is inappropriate where, as here, specific relief is sought for named individuals who were not parties to the proceeding out of which the order arose. A claimant alleging an unlawful discriminatory practice under the State Human Rights Law has the option of filing a verified written complaint with the Human Rights Division (Executive Law, § 297, subd 1) or suing directly in a court of competent jurisdiction (Executive Law, § 297, subd 9). If the former course is followed, a verified written complaint '*must* be * * * filed [with the Human Rights Division] within one year after the alleged unlawful discriminatory practice.' (Executive Law, § 297, subd 5 [emphasis supplied].) This requirement should be regarded as a condition to be performed before the substantive right to the relief sought arises." This constrains us to grant the petition under review to the extent indicated herein. Damiani, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.