■ In the Matter of HELEN W. HORN, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated January 30, 1980, which affirmed an order of the State Division of Human Rights dismissing the complaint of the petitioner. Petitioner, Helen W. Horn, was employed by the respondent, State University of New York at Albany, as a microbiological preparator, from October 19, 1970 to August 31, 1975. On or about March 15, 1974, petitioner was advised that she would be terminated on August 31, 1975. On August 22, 1975, petitioner filed a complaint with the State Division of Human Rights (division). She claimed that there was a "climate of sex discrimination within the Biology Department, as demonstrated by the fact that most women are employed in low-paid, low-prestige jobs". She also contended that her "annual salary has been consistently lower than that of male non-teaching professionals with similar or lesser qualifications." In addition, she contended that "the termination of my job is a manifestation of the discriminatory atmosphere". Based on the foregoing, the petitioner charged the respondent with denying her equal terms, conditions and privileges of her employment because of her age and sex. After investigation, the division found that it had jurisdiction over the complaint and that probable cause existed to believe that respondent had engaged in an unlawful discriminatory practice. The division thereupon referred the case to public hearing. Eight hearing sessions were held between March 9, 1976 and June 15, 1977. On May 16, 1979, the division issued its decision wherein it dismissed the complaint upon the ground that it was not timely filed. Specifically, the division noted that subdivision 5 of section 297 of the Executive Law requires that a complaint must be filed within one year after the alleged unlawful discriminatory practice. According to the division:

"Although the [petitioner] filed her complaint prior to August 31, 1975, the effective date of her termination, the New York Court of Appeals, in *Queensborough Community College of the City University of New York v. State Human Rights Appeal Board,* 41 N Y 2d 926, has ruled that '[t]he act of giving complainant notice that she would not be reappointed gave rise immediately to a cause of action * * * and therefore started the running of the limitation period.'" Thus, the complaint was dismissed. The decision of the division was affirmed by the State Human Rights Appeal Board. Thereafter this proceeding was instituted. Insofar as the petitioner claimed that her termination was the result of a discriminatory practice, the complaint should have been filed with the division within one year from the date of notice of termination *(Matter of Queensborough Community Coll. of City Univ. of N. Y. v State Human Rights Appeal Bd.,* 41 NY2d 926). Furthermore, the one-year time limitation prescribed in subdivision 5 of section 297 of the Executive Law is not a matter of defense and, unless the proceeding was brought within one year, petitioner has no cause of action *(Matter of Obolensky v New York State Div. of Human Rights,* 67 AD2d 1069). The petitioner's complaint, however, is sufficiently broad to encompass discriminatory acts which were of a continuing nature *(Matter of Russell Sage Coll. v State Div. of Human Rights,* 45 AD2d 153, affd 36 NY2d 985). With respect to such discriminatory acts, the respondent's determination that they were time barred because of the failure to file a complaint within one year from March 15, 1974 is erroneous *(Matter of Russell Sage Coll. v State Div. of Human Rights, supra).* Accordingly, the board's determination should be confirmed insofar as it held that petitioner did not timely file her complaint with respect to her termination, but the determination with respect to any other acts of discrimination which may be of a continuing nature should be annulled and the matter remitted for further proceedings. Determination modified, by annulling so much thereof as dismissed that portion of petitioner's complaint which alleges acts of discrimination which may be of a continuing nature, and matter remitted to the State Division of Human Rights for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.