Roslyn M. GRILL and Bernard Grill, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Richard G. HEALY and Mariann Healy, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Lawrence REIN and Carol Rein, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Charles SOLOMON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Laura PECCI and John T. Pecci, Plaintiffs,

v.

UNITED STATES of America, Defendants.

Kenneth ROSEVEAR, Individually and as Executor of the Estate of Leslie Rosevear, Plaintiff,

v.

UNITED STATES of America, Defendants.

Nos. 79 C 990, 79 C 3296, 79 C 984, 78 C 1520, 79 C 1938 and 79 C 2410.

United States District Court, E. D. New York.

May 19, 1981.

Paul Rheingold, New York City, for all plaintiffs.

Robert Begleiter, Jan F. Constantine, Patrick Northup, Asst. U. S. Attys., Edward R. Korman, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

Plaintiffs in these six actions move for partial summary judgment pursuant to FRCP 56. Relying upon *Petty v. United States of America*, No. C 78–4083 (ND Iowa, Dec. 31, 1980), plaintiffs seek to have this court apply collateral estoppel and preclude the United States from relitigating the issue of whether the government fulfilled its statutory duty to warn vaccinees of risks associated with the Swine Flu vaccine. Since *Petty* determined this issue against the United States, plaintiffs argue, the United States should not be permitted to reargue the adequacy of the warning in the cases pending before this court.

The doctrine of collateral estoppel precludes relitigation of issues decided conclusively in a prior action. Although offensive use of collateral estoppel is now permitted, trial courts are to exercise broad discretion in determining when offensive use is appropriate. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). As the Supreme Court noted in *Parklane*, several factors militate against the indiscriminate use of collateral estoppel by one who was not a party to the prior action:

> First, offensive use of collateral estoppel does not promote judicial economy in the same manner as defensive does. * * * Since a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a "wait and see" attitude. * * * A second argument against offensive use of collateral estoppel is that it may be unfair to a defendant. 99 S.Ct. at 650–01.

The Court specifically noted that "[a]llowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant". *Id.* at 651.

Petty is apparently the only district court decision so far to hold that the United States failed in its duty to warn vaccinees of risks associated with the Swine Flu vaccination. The Petty decision itself acknowledges that other courts have determined the same issue against plaintiffs. *E.g., Bean v. United States*, No. 79–F–571 (DC Colo., Aug. 19, 1980); *Gundy v. United States*, 79–F–587 (DC Colo., Sept. 9, 1980). In addition, the United States cites other decisions that apparently disagree with the *Petty* court's holding. *Cikins v. United States*, No. 78–328–A (ED Va., June 16, 1980); *Elsworth v. United States*, No. 78–2553 (D NJ, Mar. 4, 1981). Moreover, the government has filed posttrial motions that have yet to be decided in *Petty*, a factor that makes the finality of the *Petty* judgment uncertain for collateral estoppel purposes. *See* 1B Moore's *Federal Practice*, ¶ 0.416[3]. These considerations convince the court that it would be unfair to preclude the government from contesting the adequacy of the warnings given to plaintiffs in these cases. As discussed above, *Parklane* prohibits the use of offensive collateral estoppel when the court determines that application would be unfair or unjust to a defendant. The court is satisfied that the interests of justice would not be furthered by mechanical application of collateral estoppel under these circumstances.

The court will, of course, consider the opinions of other courts on the issue of the adequacy of the warning should the warnings be relevant in any of the cases presently pending before the court. However, the court must decide this issue and any other issues that arise during the trial of these actions based on the evidence adduced at trial and the relevant federal and New York statutes and case law. On the issue of the government's duty to warn, for example, the United States argues that the Swine Flu Act mandates application of New York law, not the federal or Iowa law relied upon by the court in *Petty*. *See* 42 U.S.C. § 247b(k)(2)(A)(i).

The court concludes that it would be improper to use collateral estoppel in the cases pending before it to establish on the basis of *Petty* that the government has failed in its duty to warn each individual plaintiff of any risks associated with the Swine Flu vaccination. Plaintiffs' motion for partial summary judgment is therefore denied.

SO ORDERED.