Georgia YOUNG, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 79 Civ. 3430 (KTD).

United States District Court, S. D. New York.

June 23, 1981.

Paul D. Rheingold, New York City, for plaintiff.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant; Susan M. Campbell, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

In June of 1979, plaintiff commenced an action for damages against the United States[1] for personal injuries alleged to have resulted from a swine flu vaccination she received in November of 1976. Plaintiff now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment on the issue of the adequacy of the consent form used by the United States in its innoculation program.

Plaintiff argues that *Petty v. United States*, C78–4083 (N.D.Iowa, Dec. 31, 1980) should collaterally estop the United States from relitigating the issue of whether the government fulfilled its statutory obligation to warn vaccinees of risks associated with the swine flu vaccine.[2] In *Petty*, the court held that the plaintiff was not adequately warned of the dangers in receiving the swine flu vaccine.

---

1. This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.*, in conjunction with the National Swine Flue Immunization Act of 1976, 42 U.S.C. §§ 247b(j)–(1). Under the Swine Flu Act of 1976, the federal government sought to prevent a threatened epidemic by using both private and public health care systems to vaccinate millions of adults against swine flu before the onset of the 1976 flu season.

Pursuant to that legislation, any cause of action for personal injuries or wrongful death against the vaccine manufacturer was abolished in favor of an exclusive remedy against the United States. *See* 42 U.S.C. § 247b(k)(2)–(3) (1978).

2. The Act states in pertinent part:

   . . . . .

   The development . . . and implementation of a written informed consent form and procedures for assuring that the risks and benefits from the swine flu vaccine are fully explained . . . includ[ing] the information necessary to advice [sic] individuals with respect to their rights and remedies . . .

   42 U.S.C. § 247b(j)(1)(F).

■ The doctrine of collateral estoppel precludes relitigation of issues decided conclusively in a prior action. Although a party may now use collateral estoppel even if not a party to the suit wherein the issue was decided, it is within the trial court's discretion to allow such use. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). For reasons that follow, I find that the use of collateral estoppel is inappropriate in this case and, therefore, deny plaintiff's motion for partial summary judgment.

## I.

The Swine Flu Immunization Act [the "Act"], 42 U.S.C. § 247b(j)(1), provides in section 247b(k)(2)(A) that "[t]he United States shall be liable . . . for personal injury or death arising out of the administration of swine flu vaccine . . . to the same extent as the United States would be liable in any other action . . . except that—. . . the liability . . . may be based on any theory of liability that would govern . . . under the law of the place where the act or omission occurred . . . ."

The defendant argues that the Act requires that liability for inadequate consent must be decided in accordance with New York law. *See Elsworth v. United States*, No. 78–2553 (D.N.J. Mar. 4, 1981). Thus, the defendant contends, the holding in *Petty* does not bind this court because the court did not apply the law of this forum.

Plaintiff notes, however, that the court in *Petty* held that the swine flu consent form violated both a "national standard," which the court found to exist in the Act, as well as Iowa's consent law. Plaintiff argues first that the "national standard" applies to this case and thus, under *Petty*, the United States is estopped from relitigating the adequacy of the forms under the Act. Alternatively, plaintiff asserts that Iowa's consent law is "fundamentally the same" as New York's law. Therefore, since the consent form was held inadequate under Iowa's law, plaintiff contends that the United States must be estopped from litigating its liability under New York's law. I disagree.

## II.

As noted earlier, the plaintiff in this case is seeking to use the doctrine of collateral estoppel offensively, i. e. to prevent the defendant from litigating an issue that has been previously litigated unsuccessfully in an action with another party.

In *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the Supreme Court advised against the offensive use of collateral estoppel if it did not promote judicial economy or if it could prove to be unfair to the defendant.

First, offensive use of collateral estoppel does not promote judicial economy in the same manner as defensive does. * * * Since a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a "wait and see" attitude. * * * A second argument against offensive use of collateral estoppel is that it may be unfair to a defendant.

*Id.* at 329–330, 99 S.Ct. at 650–51. The Court specifically noted that "[a]llowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant." *Id.* at 330, 99 S.Ct. at 651.

■ In the context of the swine flu cases, the application of collateral estoppel is inappropriate for two reasons. The use of collateral estoppel in cases like this would encourage other plaintiffs to adopt a "wait and see" attitude, in hopes of a favorable judgment. *See id.* at 330, 99 S.Ct. at 651. In addition, the effect would be particularly unfair where, as here, the judgment relied upon as the basis for the estoppel is itself inconsistent with previous judgments in favor of the defendant. *See, e. g., Gundy v. United States*, 79–F–587 (D.C.Colo. Sept. 9, 1980); *Bean v. United States*, No. 79–F–571 (D.C.Colo. Aug. 19, 1980); *Cikins v. United States*, No. 78–328–A (Ed.Va. June 16, 1980); *Elsworth v. United States*, No. 78–2553 (D.N.J. Mar. 4, 1981). Fairness requires that the government be given an

opportunity to defend the adequacy of the warnings given to the plaintiff under New York law or the national standard if one is found to exist. *Accord, Grill v. United States*, 516 F.Supp. 15 (E.D.N.Y.1981). Accordingly, plaintiff's motion for partial summary judgment on the theory of collateral estoppel is denied.

SO ORDERED.