**Marilyn BARNELL, Plaintiff,**

v.

**PAINE WEBBER JACKSON & CURTIS, INCORPORATED and Steven Kraus, Defendants.**

**No. 82 Civ. 1988 (SWK).**

United States District Court, S.D. New York.

July 25, 1985.

Moss & Boris, P.C. by Richard S. Boris, Neal D. Haber, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before this Court upon the motion of defendant Paine Webber Jackson & Curtis, Incorporated ("Paine Webber") for summary judgment in its favor. For the reasons stated below, defendant's motion for summary judgment is denied.

## BACKGROUND

Paine Webber employed plaintiff Marilyn Barnell as a stockbroker in its Park Avenue, New York City office from November, 1972 until she was terminated on March 29, 1979.* On April 17, 1980, plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") charging Paine Webber with gender-based discrimination in violation of the New York State Human Rights Law, N.Y.Exec.Law § 290 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C.A. § 2000e *et seq.* (Title VII). The NYSDHR dismissed the complaint on April 29, 1982, because it had not been filed within one year of the alleged discrimination, as required under New York law. N.Y.Exec.Law § 297(5) (McKinney 1982). The dismissal was affirmed for the same reason on subsequent appeals to the New York State Human Rights Appeal Board, on November 3, 1983, and the New York State Supreme Court Appellate Division, First Department, on December 4, 1984.

In addition to these state proceedings, plaintiff filed an administrative discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") on or about April 17, 1980. Thereafter, she requested, and received, a Right to Sue Letter from the EEOC, and commenced the instant action on or about March 29, 1982. Paine Webber and Kraus moved for sum-

Donovan, Maloof, Walsh & Kennedy by John T. Lillis, Jr., New York City, for plaintiff.

* See footnote page 377, *infra.*

mary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that plaintiff's charge of sex discrimination filed with the EEOC was not timely. On May 9, 1983, Judge Gagliardi denied the motion, holding that an issue of fact existed as to whether plaintiff's alleged mental disability was sufficient to toll the EEOC filing period limitation, and thereby render her charge timely. Kraus also moved for summary judgment on the ground that plaintiff's EEOC charge did not name him as a respondent. The Court granted that motion. Plaintiff's motion for appointment of counsel was denied without prejudice to renewal with supplemented information.

Thereafter, plaintiff renewed her motion for appointment of counsel and provided sufficient information. Defendant moved for a separate trial on the issue of the timeliness of plaintiff's complaint with the EEOC, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. This Court recognized that a decision adverse to plaintiff on this issue would obviate the need for further proceedings and thus granted both motions by Memorandum Opinion and Order dated January 19, 1984.

Paine Webber has now moved for summary judgment on the grounds of *res judicata* and collateral estoppel.

## DISCUSSION

Relying on *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), Paine Webber argues that the doctrines of *res judicata* and collateral estoppel apply to Title VII actions, requiring federal courts to give preclusive effect to a state court decision upholding a state administrative agency's dismissal of an employment discrimination claim. Here a state agency dismissed plaintiff's claim as untimely, and that decision was upheld by the state court. The state proceeding specifically involved the timeliness of plaintiff's claim, and plaintiff did litigate the issue fully. Barnell, in the state proceedings, argued that the facts did not support a finding that her claim was filed more

than one year after her termination; she did not, however, argue that the limitation period should be equitably tolled because of her incapacity around the time of her termination. Paine Webber argues that plaintiff is barred, by the doctrines of *res judicata* and collateral estoppel, from raising the issue of an equitable tolling of the time limitation in the present action because she failed to raise that issue in her earlier state proceeding. Accordingly, defendant argues, Barnell's claim should be dismissed as untimely.

■ *Res judicata* and collateral estoppel preclude the rehearing of any issues which "were or could have been raised" in an earlier action. *Kremer*, 456 U.S. at 466 n. 6, 102 S.Ct. at 1889 n. 6; *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). The doctrine of *res judicata*, however, does not require a party to raise a futile argument in the first proceeding in order to preserve the potentially viable argument for a later proceeding. *See Costello v. Pan American World Airways, Inc.*, 295 F.Supp. 1384, 1389 (S.D.N.Y.1969); *cf. State Farm Mutual Auto. Ins. Co. v. Duel*, 324 U.S. 154, 162, 65 S.Ct. 573, 577, 89 L.Ed. 812 (1945) (estoppel does not apply when change in law has intervened between time of first judgment and second action); *Robbins v. Police Pension Fund*, 321 F.Supp. 93 (S.D.N.Y.1970) (federal constitutional issue could not be raised in state proceeding; state decision not a bar to subsequent federal action). There is no dispute that Barnell did not raise the issue of equitable tolling in the state proceedings. The question involved in this motion for summary judgment, therefore, is whether plaintiff "could" have raised the equitable tolling issue in the course of the state proceeding.

The relevant New York statute is section 297 of the Executive Law, subdivision 5, which states: "[a]ny complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice." New York courts have interpreted this requirement strictly. The New York Court of Appeals empha-

sized the word "must" and described the requirement as a "condition to be performed before the substantive right to the relief sought arises." *Board of Educ. v. New York State Division of Human Rights,* 44 N.Y.2d 902, 904, 407 N.Y.S.2d 636, 637, 379 N.E.2d 163, 164 (1978). *See also Horn v. New York State Human Rights Appeal Board,* 75 A.D.2d 978, 428 N.Y.S.2d 368 (3rd Dep't 1980); *Consolidated Edison Company of New York, Inc. v. New York State Human Rights Appeal Board,* 65 A.D.2d 546, 409 N.Y.S.2d 141 (2d Dep't 1978). Thus, it would appear that the NYSDHR had no power to toll the statutory time limitation.

Defendant urges that *Stacey v. McDaniel,* 54 A.D.2d 645, 387 N.Y.S.2d 631 (1st Dep't 1976), holds that the limitations period for filing a charge of discrimination is subject to equitable tolling in appropriate circumstances under New York law. Defendant's reliance on *Stacey* is misguided. In *Stacey,* the plaintiff claimed that he had orally made a complaint to a member of NYSDHR's staff at the NYSDHR office approximately five months after his termination. He was assured at that time, he claimed, that his oral complaint was sufficient to effect the timely filing of his complaint, but that he should follow it up with specifics. Plaintiff allegedly sent a letter containing specifics a few days thereafter, but did not submit his formal complaint until a year later. Those factual assertions were essentially verified by the NYSDHR employee he had spoken with during his initial visit to the NYSDHR office. The First Department reversed the trial court's dismissal of Stacey's complaint as untimely, holding that if the facts were as alleged, the complaint should be processed "as timely filed." 387 N.Y.S.2d at 632.

*Stacey,* therefore, does not indicate that the state limitations period is subject to equitable tolling. Rather *Stacey* holds that, on the facts of that particular case, the complaint had been timely filed. It was the internal procedures of the NYSDHR that had failed to adequately assure that plaintiff's oral complaint was processed properly to effect a formal complaint. *Cf.,* *e.g., Rosenberg v. Martin,* 478 F.2d 520, 522 n.1a (2d Cir.1973) (Friendly, J.) (for limitations purposes, action treated as commenced when Clerk of Court receives complaint, irrespective of when formally filed following internal courthouse procedures); *Simpson v. Bank of New York,* Empl.Prac. Dec. (CCH) ¶ 32,114, at 22,079 (S.D.N.Y. 1981) (complaint timely filed when delivered to Pro Se Clerk within limitations period, irrespective of delay before official docketing due to internal courthouse procedures). In the final analysis, defendant does not cite a single case, and the Court has found none, in which a plaintiff successfully argued that the state limitations period should, or more importantly *could,* be equitably tolled.

■ With regard to plaintiff's federal claim, defendant properly acknowledges that the Title VII limitations period is not a jurisdictional prerequisite, but may be equitably tolled under appropriate circumstances if necessary to honor the statute's remedial purposes. *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). No court in New York has adopted the reasoning of *Zipes* in addressing the state limitations period. Thus, as discussed above, in New York, the statute of limitations cannot be equitably tolled. Defendant argues that Barnell should, nonetheless, have raised her equitable tolling argument in the state proceedings to give the NYSDHR an opportunity to accept or reject her claimed mental incompetency as a reason for tolling its limitations period. It appears that it would have been futile to do so.

In *Costello,* the plaintiff in a federal action brought in this District argued that a particular date governed for statute of limitations purposes. Defendants sought to bar his argument on this issue on the ground that he had not raised the issue in an earlier action on different subject matter in federal court in California. The court refused to apply the principles of *res judicata* and collateral estoppel because (1) this Circuit's interpretation of the govern-

ing law was different from that of the California court and (2) the plaintiff would have been raising a futile argument in the former action since, under the California court's interpretation of the law, either date chosen would lead to the same result—to wit, that the claims were time-barred. 295 F.Supp. at 1389.

The Court finds the logic of *Costello* persuasive in this case. Simply stated, a different judicial principle from the one currently before the Court governed the issue in the state proceedings. *Res judicata* and collateral estoppel should not apply in such a case. *See Young v. United States*, 518 F.Supp. 921 (S.D.N.Y.1981) (determination under Iowa law did not bar relitigation of issue under New York law); *cf. Tomanio v. Board of Regents*, 603 F.2d 255, 258 n. 1 (2d Cir.1979) (*res judicata* does not bar plaintiff from bringing federal civil rights and constitutional claims in federal court after losing in state court on state claims arising out of same facts), *rev'd on other grounds*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Additionally, as the court stated in *Costello*, "[t]he focus of that [former] litigation did not afford the legally requisite *fair* opportunity to consider the date selection that is critical here." 295 F.Supp. at 1384 (emphasis added).

Finally, to force the plaintiff, under threat of being barred by *res judicata* and collateral estoppel on her *federal* claims, to foresee and guard against potential changes in *state* law (changes which to this date have not been adopted), would violate the remedial purposes of Title VII which *Zipes* was intended to further. *See* 455 U.S. at 398, 102 S.Ct. at 1135 ("we honor the remedial purpose of the legislation as a whole"); *see also id.* at 395, 102 S.Ct. at 1133 (*quoting* 118 Cong.Rec. 7166, 7167 (1972)) ("interpret this time limitation so as to give the aggrieved person the maximum benefit of the law").

Accordingly, the Court finds that *res judicata* is inapplicable to the instant

case because the issue of equitable tolling could not have been raised effectively at the state agency level. Likewise, collateral estoppel does not apply to the question of Barnell's competency around the time of her termination, because, given the agency's lack of authority to equitably toll the time limitation under current New York State law, any decision as to the plaintiff's mental incapacity would not have been necessary to the court's judgment.** *Id.* There remains a genuine issue of material fact as to whether Barnell's incapacity around the time of her termination compels the tolling of the period of limitations for filing her complaint with the EEOC for a sufficient period to render her claim timely. Defendants' motion for summary judgment on the basis of *res judicata* and collateral estoppel is therefore DENIED.

SO ORDERED.

---

** It would appear that collateral estoppel does apply, however, to the factual determination in the state proceedings that Barnell was terminated on March 29, 1979.