■ In the Matter of HAROLD CRAYTON, Petitioner, v COUNTY OF SUFFOLK et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Division of Human Rights, dated December 8, 1986, as, after a hearing and upon finding that the County of Suffolk had discriminated against the petitioner on the basis of his sex, denied his request for an award of damages.

Adjudged that the determination is confirmed insofar as

reviewed, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner, Harold Crayton, has been employed by the respondent County of Suffolk as a correction officer (correction officer I) since March 12, 1973. In March 1981 he was denied admission to a promotional test for correction officer II (female). The test was available to females only.

However, the petitioner had taken a promotional examination for correction officer II in 1978 which he passed. This examination resulted in a promotion list on which he received a rank of 18 that did not make him eligible for immediate promotion. Although this list expired before he was appointed to correction officer II, he was given a provisional appointment to that position in May 1983 in the interim while a new test was administered and a new promotional list was established.

In April 1983 a promotional examination for correction officer II was offered to replace the expired 1978 list, and the petitioner was eligible to take it. The petitioner passed this examination also, but his ranking on the resultant promotion list of 59 did not entitle him to promotion to the position of permanent correction officer II. Once this list was published, the petitioner lost his provisional status as correction officer II.

The petitioner thereafter filed a complaint with the New York State Division of Human Rights. At the conclusion of the hearing, the Administrative Law Judge found that the County of Suffolk had violated the Human Rights Law in conducting a gender-based examination for the position of correction officer II, ordered the County of Suffolk to cease and desist from discriminating against any employee in the terms and conditions of employment on the basis of sex, and directed it to notify all of its supervisory employees and officers of the issuance of the order and of their responsibilities thereunder. However, the Administrative Law Judge found no evidence that the petitioner had been damaged as a result of this discrimination. We agree.

At the outset we reject the claim that this complaint was untimely. The Statute of Limitations for the filing of a complaint with the New York State Division of Human Rights is one year from the alleged unlawful discriminatory practice (Executive Law § 297 [5]). The petitioner first notified the Division of his complaint in a verified letter dated May 14, 1981. This was within one year of the denial of his application to take the 1981 examination. The failure of the Division to

act upon that letter was not the fault of the petitioner and he should not be penalized therefor *(see, Matter of Stacey v McDaniel,* 54 AD2d 645).

Contrary to the petitioner's contention, he could not be "reappointed" to the position of correction officer II since he had never been permanently appointed to that position. His provisional status in that position was revoked upon the establishment of a new promotional list based on the 1983 examination and his failure to rank high enough on that list to be permanently appointed *(see,* Civil Service Law § 65 [3]). The discriminatory action in connection with the 1981 examination did not cause the termination of the petitioner's provisional appointment. Nor was there substantial evidence that the petitioner suffered any mental anguish as a result of the discriminatory action *(cf., Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492). Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.