Kaye, J.
(dissenting): I would affirm the Appellate Division order. Notwithstanding that the Division’s determination is subject to review to the extent that it is " 'purely arbitrary’ ” (majority opn, at 246), I cannot agree that use of the "administrative convenience” dismissal in the circumstances of this case is arbitrary or contrary to any provision of the Executive Law.
Executive Law § 297 (5), which provides a one-year limita *247 tion for administrative complaints filed pursuant to the statute, is simply silent concerning whether the Division may dismiss in a fashion that permits a complainant to pursue a judicial remedy under a longer Statute of Limitations. No one suggests that the complainant could proceed before the agency despite untimeliness. Thus, the limitation is by no means a meaningless one (majority opn, at 246), as it prevents a complainant from proceeding before the agency with whatever economies of time and expense the administrative remedy would have afforded him.
The real crux of the majority opinion is that Executive Law § 297 (9) constitutes an "election of remedies” provision that requires a complainant to choose between the administrative and judicial forum. Although § 297 (9) does require a complainant to make a choice, the Legislature did not create a perfectly parallel statute. Section 297 (9) provides — without exception — that "[n]o person who has initiated any action in a court of competent jurisdiction” may file a complaint with the Division. However, the Legislature chose to create an exception in favor of a person who first files an administrative complaint; such a person may bring a lawsuit if his or her administrative complaint is dismissed on grounds of administrative convenience. Clearly, the Legislature intended to allow these complainants, unlike those who first bring an action in court, more flexibility in their choice of forum.
Finally, I cannot agree that use of the dismissal mechanism in this case contravenes the statutory injunction because no "administrative convenience” is served. At least two important purposes are served, both of which legitimately serve the agency’s ends.
First, as the Division points out, the majority holding creates a trap for the unwary complainant. In Matter of Queens-borough Community Coll, v State Human Rights Appeal Bd. (41 NY2d 926), we interpreted the one-year limitation of section 297 (5) to require filing of a complaint within a year after notice was given of the pending termination — that is, it may begin to run (as in this case) before the termination itself. Interpretation of section 297 (5) is not intuitively obvious, and may raise complex issues even for lawyers (see, e.g., Matter of Horn v New York State Human Rights Appeal Bd., 75 AD2d 978). To force on nonlawyers, who may not have counsel at the initial filing stage, an irrevocable choice based upon such legal nuances will inevitably result in depriving *248 aggrieved persons of any remedy for discriminatory treatment. Rather than require the agency to deploy batteries of trained personnel to screen out complaints with potential Statute of Limitations problems before they are filed — problems that may not be apparent until an answer is filed — it is sensible and just to read the statute to allow the agency to dismiss them later, in a manner that does not foreclose a judicial remedy.
Second, use of the procedure in this case clearly furthers the purpose of the Human Rights Law, which is to provide an opportunity for persons who have been the victims of discrimination to be heard. Petitioner does not ask for "two bites at the apple.” He seeks just one chance to litigate his grievance. Marine Midland has shown no prejudice as a result of the relatively brief agency proceedings in this case.
The Division apparently has consistently interpreted the statute and its regulations to permit use of this procedure, without problem. The majority decision deprives the Division of this eminently reasonable flexibility, and threatens to leave legitimate claims without an avenue of redress. Given this regrettable result, one would hope that the potential inequity would invite the attention of the Legislature, to make clear in Executive Law § 297 (3) (c) that the Division’s discretion extends as well to complaints that are untimely under the abbreviated limitations period for administrative proceedings.
Judges Simons, Titone and Bellacosa concur with Judge Alexander; Judge Kaye dissents and votes to affirm in a separate opinion in which Chief Judge Wachtler concurs; Judge Hancock, Jr., taking no part.
Order reversed, etc.