■ NADINE M. PARRY, Appellant, v TOMPKINS COUNTY, Respondent. [689 NYS2d 296] —Carpinello, J. Appeal from an order

of the Supreme Court (Relihan, Jr., J.), entered April 7, 1998 in Tompkins County, which, *inter alia*, granted defendant's motion to dismiss the complaint as time barred.

In December 1995, plaintiff, a counselor employed by defendant to oversee the activities of emotionally disturbed youth, was advised that her job duties were being changed as the result of allegations from two female clients that they were uncomfortable with alleged physical contact by plaintiff. Believing that her change of duties was based on her sexual orientation, she filed a grievance pursuant to the collective bargaining agreement between defendant and the Civil Service Employees Association, Inc. (hereinafter CSEA).

In addition, on April 8, 1996, plaintiff filed a complaint against defendant alleging an unlawful discriminatory practice in violation of Local Laws, 1991, No. 6 of Tompkins County (hereinafter Local Law No. 6). On April 18, 1996, CSEA and defendant entered into a settlement agreement resolving the grievance whereby plaintiff was to return "back to work with children in her capacity as a youth-care worker no later than May 1, 1996" and defendant was to promptly remove "all negative memoranda from [plaintiff's] file". On May 9, 1996, however, defendant withdrew its support for an independent investigator who had been assigned to investigate the discrimination complaint as part of the conciliation process envisioned under Local Law No. 6 (*see*, Local Law No. 6 [V] [2] [h] [2]). In the end, plaintiff never returned to her counseling duties because she resigned in early May 1996 and moved out of State in July 1996.

Plaintiff filed a notice of claim against defendant in December 1996. Her subsequent action, commenced on December 31, 1997 alleging, *inter alia*, a violation of Local Law No. 6, was dismissed by Supreme Court as time barred. Plaintiff raises two arguments on appeal; namely, that her discrimination cause of action was filed within the appropriate Statute of Limitations period and that, in any event, an exception to the Statute of Limitations exists because defendant's discriminatory conduct was "ongoing". We reject both claims and affirm.

As an initial matter, Supreme Court's characterization of plaintiff's discrimination claim as a "tort" and its application of General Municipal Law § 50-i to such claim was in error inasmuch as this statutory provision is confined to claims for personal injury, wrongful death or damage to property and does not apply to discrimination claims (*see, e.g., Sebastian v New York City Health & Hosps. Corp.*, 221 AD2d 294; *Mills v County of Monroe*, 89 AD2d 776, *affd* 59 NY2d 307, *cert denied*

464 US 1018).[1] Accordingly, no force or effect can be given to the court's conclusion that Local Law No. 6, "to the extent that it purports to extend the period within which tort claims may be commenced against the County beyond one year and ninety days", is null and void. Thus, whether the limitation period under Local Law No. 6 should be declared null and void is not before this Court and remains an undecided issue.

Next, there is no serious dispute that plaintiff's discrimination claim is based on Local Law No. 6, which is governed by its own Statute of Limitations. As pertinent here, it provides as follows: "Any action brought for violation of this law must be commenced within one year after the alleged unlawful discriminatory practice, unless the complainant chooses to attempt conciliation with the Human Rights Commission, in which [event] the complainant must commence action within one year from the unsuccessful termination of conciliation efforts" (Local Law No. 6 [V] [2] [j]). Although plaintiff claims that this action is timely because conciliation efforts purportedly did not end until February 1997, the record does not support this contention. Rather, the record indicates that conciliation efforts terminated at the earliest on May 9, 1996, when defendant withdrew its support for the independent investigator and, at the latest, on October 17, 1996, when the investigator filed her report.[2] The action was not commenced within one year of either of these events. This being the case, the action was time barred pursuant to Local Law No. 6.

While the record contains a letter, received by plaintiff in February 1997 from defendant's personnel department addressing plaintiff's unresolved concerns in connection with her former employment, this letter does not reflect any conciliation efforts between the parties. Rather, the letter pertains to the settlement of plaintiff's *grievance*. Finally, although certain unlawful discriminatory practices are considered to be "continuing" in nature such they are not barred by the Statute of Limitations (*compare, Summers v County of Monroe*, 147 AD2d 949, *appeal dismissed* 74 NY2d 735; *Matter of Horn v New York State Human Rights Appeal Bd.*, 75 AD2d 978; *Matter of Russell Sage Coll. v State Div. of Human Rights*, 45 AD2d 153, *affd* 36 NY2d 985), there is no evidence in this case of a

---

**1.** In support of its motion to dismiss the amended complaint as untimely, defendant argued that each of plaintiff's claims sounded in tort and thus urged that same were untimely pursuant to General Municipal Law § 50-i. It did not move to dismiss pursuant to County Law § 52.

**2.** Notably, plaintiff's counsel apparently conceded at oral argument before Supreme Court that defendant's refusal to negotiate (i.e., its cessation of conciliation efforts) occurred on *May 9, 1996*.

continuing pattern of discrimination against defendant's employees based on sexual orientation.

Cardona, P. J., Crew III, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.